J-S60003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW J. WISOTZKEY | : | |
| | : | |
| Appellant | : | No. 245 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 27, 2016
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007095-2014

BEFORE: SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.:                      **FILED JANUARY 07, 2020**

Appellant, Matthew Wisotzkey, appeals from the judgment of sentence of seven and one-half to fifteen years of incarceration imposed after a jury convicted him of one count of persons not to possess firearms and two counts of possession with the intent to deliver a controlled substance.[1] Specifically, Appellant contends that he was denied his constitutional right to counsel, and he challenges the trial court's January 19, 2016 order permitting counsel to withdraw and denying Appellant's motion for appointment of co-counsel. After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105 and 35 P.S. § 780-113(a)(30), respectively.

The underlying facts of the criminal charges against Appellant are not relevant to the disposition of this appeal. Accordingly, we simply note that the criminal charges were filed after searches of Appellant's residence and a leased garage uncovered illegal narcotics and firearms. The procedural history as recounted by the trial court however, is germane to the outcome of this case:

[Appellant] was formally arraigned on December 2, 2014, and represented by privately-retained counsel, Shane Kope, Esq. On March 10, 2015, [Appellant] filed a counseled Omnibus Pre-trial Motion challenging the constitutionality of the search of his home and seizure of his firearms. A hearing was scheduled to convene on April 20, 2015, but was later moved to April 30, 2015. On April 30, 2015, Attorney Kope withdrew the Omnibus Pre-trial Motion and this matter was placed on the July 2015 trial docket.

On July 1, 2015, Attorney Kope filed a Motion for Continuance indicating [Appellant] discharged him from service. On July 9, 2015, this [c]ourt granted [Appellant] *in forma pauperis* status and on July 10, 2015, during a status hearing, granted Attorney Kope's Motion to Withdraw as Counsel. Additionally, this [c]ourt continued [t]rial to September 8, 2015, and informed [Appellant] that he must retain counsel immediately as no further continuances would be granted.

On September 3, 2015, [Appellant], *pro se*, filed a Motion for a Pre-trial Conference and on September 11, 2015, [Appellant], *pro se*, filed a Motion for Bail Reduction and Petition for *In Forma Pauperis* status. On September 15, 2015, Joshua Neiderhiser, Esq., a York County assistant public defender, entered his appearance on [Appellant's] behalf and on September 30, 2015, this [c]ourt granted [Appellant] *in forma pauperis* status.

On October 14, 2015, this [c]ourt issued an Order scheduling a hearing on [Appellant's] bail reduction motion for November 25, 2015. On November 25, 2015, at the conclusion of the hearing on [Appellant's] bail reduction matter, this [c]ourt denied [Appellant's] request. On December 4, 2015, Attorney

- 2 -

Neiderhiser filed a Petition for Nominal Bail which this [c]ourt denied.

On December 31, 2015, at the behest of [Appellant] who had filed a "Motion for Waiver of Counsel," Attorney Neiderhiser filed a Motion to Withdraw as Counsel citing [Appellant's] desire to act in the capacity of co-counsel and file meritless motions. On January 19, 2016, this [c]ourt convened a hearing on counsel's motion and subsequently issued an Order granting counsel's Motion to Withdraw but denying [Appellant's] request for appointment of co-counsel.

On January 20, 2016, [Appellant], *pro se*, filed a Motion for Discovery and on January 28, 2016, [Appellant], *pro se*, filed a Petition for Transcription of Hearing Notes of January 19, 2016. On February 2, 2016, this [c]ourt denied [Appellant's] request for a transcription of hearing notes. On February 18, 2016, [Appellant], *pro se*, filed a 50-page Omnibus Pre-trial Motion essentially renewing previously-filed and disposed *pro se* motions.

On April 4, 2016, and April 25, 2016, this [c]ourt issued Orders denying [Appellant's] Omnibus Pre-trial Motion. On May 9, 2016, [Appellant], *pro se*, filed a motion renewing his request for internal police documents. On May 16, 2016, [Appellant], *pro se*, filed a Motion for Reconsideration of [Appellant's] Motion in Limine and Motion for the Production of Witnesses. On May 27, 2016, this [c]ourt continued [Appellant's] trial to the July 2016 trial term. On June 29, 2016, [Appellant], *pro se*, filed a Motion in Limine to bar the concealment of the identity of any confidential informant.

Following a jury trial July 19, 2016, through July 21, 2016, the jury unanimously convicted [Appellant] of all counts. On September 23, 2016, [Appellant] prematurely filed a Post-Sentence Motion. The [t]rial [c]ourt ordered a Pre-Sentence Investigation and deferred sentencing to September 27, 2016, at which time this [c]ourt sentenced [Appellant] as follows: five (5) to ten (10) years of imprisonment in a State Correctional Institution for Count 1; two and one half (2 1/2) to five (5) years of imprisonment in a State Correctional Institution for Count 2, to run consecutively to Count 1; and two (2) to four (4) years of imprisonment in a State Correctional Institution [for Count 3], to run concurrently with Count 2. [Appellant's] aggregated term of confinement is seven and one half (7 1/2) to fifteen (15) years.

On September 27, 2016, this [c]ourt appointed Jonelle Harter Eshbach, Esquire, to represent [Appellant] during appellate proceedings. [Appellant], *pro se*, filed an Amended Post-Sentence Motion on October 13, 2016. On April 3, 2017, [Appellant's] Post-Sentence Motion was denied by operation of law. [Appellant] did not take [a] direct appeal.

On May 8, 2018, [Appellant], *pro se*, filed his first petition under the Post-Conviction Relief Act. On June 4, 2018, this [c]ourt appointed Charles J. Hobbs, Esquire to represent [Appellant] in his PCRA litigation. On December 3, 2018, Attorney Hobbs filed a motion requesting an extension of time within which to amend [Appellant's] PCRA motion which this [c]ourt granted on December 12, 2018.

On January 4, 2019, Attorney Hobbs filed an amended PCRA petition seeking reinstatement of [Appellant's] direct appeal rights. On January 14, 2019, this [c]ourt granted Appellant's requested relief. On February 12, 2019, Appellant, by and through Attorney Hobbs, timely filed a Notice of Appeal to the Superior Court.

Trial Court Opinion, 4/18/19, at 3–6.

Appellant raises the following issue for review:

Whether Appellant knowingly, voluntarily, and intelligently waived his right to counsel and invoked his constitutional right to self-representation where the trial court never conducted an on-the-record colloquy in accordance with Pa.R.Crim.P. 121?

Appellant's Brief at 4 (full capitalization omitted).

Although stated as a single question, we understand Appellant's claim to have two components. First, did the trial court err when it granted Attorney Neiderhiser's motion to withdraw? We review a trial court's ruling on a petition to withdraw under an abuse of discretion standard. *Commonwealth v. Magee*, 177 A.3d 315, 322 (Pa. Super. 2017). Second, did the court's failure

to conduct a colloquy in accordance with Pa.R.Crim.P. 121[2] deprive Appellant

of his constitutional right to be represented by counsel.  We interpret this

---

[2] Rule 121 instructs:

> (1) The defendant may waive the right to be represented by counsel.
>
> (2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:
>
>> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
>>
>> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
>>
>> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
>>
>> (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
>>
>> (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
>>
>> (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim. P. 121(1)(2).

latter contention as a challenge to the trial court's determination that Appellant forfeited, rather than waived, his right to counsel. Whether Appellant forfeited his right to counsel is a question of law over which our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v. Fill***, 202 A.3d 133, 139 (Pa. Super. 2019) (citing ***Commonwealth v. Lucarelli***, 971 A.2d 1173, 1178 (Pa. 2009)).

Initially, we are compelled to address whether Appellant waived review of his claim that Attorney Neiderhiser was improperly permitted to withdraw as counsel. On or about December 30, 2015, Attorney Neiderhiser received a packet of motions that Appellant directed him to file. Motion to Withdraw, 12/31/15, at ¶ 6. Included in the packet was a Motion for Waiver of Counsel wherein Appellant averred that he and Attorney Neiderhiser "have approached an unbridgeable impasse in communications," and that Attorney Neiderhiser "refuses to assist [Appellant] any further in defensive strategies." Motion For Waiver of Counsel Pennsylvania Rule of Criminal Procedure 121(A)-(D), 1/4/16, at ¶¶ C, D. Appellant thus requested that Attorney Neiderhiser withdraw as counsel and that a *pro bono* attorney be assigned as "co[-]counsel." Appellant further stated the he "fully understands his rights under the Pennsylvania Rules of Criminal Procedure: Rule 121 (A)-(D) inclusive." ***Id.*** at ¶ G. When Attorney Neiderhiser received a copy of Appellant's motion, he filed a motion to withdraw averring that he and Appellant "have irreconcilable differences [that] has made

communication and representation nearly impossible." Motion to Withdraw, 12/31/15, at ¶ 9.

On January 19, 2016, the trial court held a hearing on the two motions. The testimony reveals that Appellant did not object to the trial court's decisions to grant Attorney Neiderhiser's motion to withdraw and to deny Appellant's request for appointment of co-counsel:

THE COURT: I feel like we have been in this position before. Am I wrong, [Appellant]?

ATTORNEY NEIDERHISER: I had to relieve Mr. Kope.

THE COURT: That's what I thought. Are you planning to proceed without a lawyer, because we are running out of options?

[APPELLANT]: Yes, Your Honor. I asked one to be pro bono, as co-counsel, so we don't have this problem again.

ATTORNEY NEIDERHISER: We have a conflict of interest, Your Honor. He won't allow me to submit any motions.

THE COURT: Well, when you have a lawyer, sir, you are not allowed to submit any motions. Those are pretty simple Rules of Procedure. When I have a motion the rules are filed by a lawyer because last time I checked you didn't graduate from law school, is that correct?

[APPELLANT]: Correct.

THE COURT: You have to let your lawyer do his job.

[APPELLANT]: He refuses [to] submit any motions for me.

THE COURT: Attorney Neiderhiser?

ATTORNEY NEIDERHISER: That's correct, Your Honor. [Appellant] has requested numerous motions. The most important to him the suppression motion regarding the search warrants in this case. Your Honor, I did review those facts. I believe they are without merit and so ethically I am not able to file them if I would have filed them anyway because they served no purpose, Your Honor. I wouldn't have filed them anyway.

- 7 -

THE COURT: So, I am assuming based on your motion you wish to withdraw?

ATTORNEY NEIDERHISER: Yes, Your Honor.

* * *

THE COURT: [Appellant], I don't have your motion to have co-counsel in front of me, but according to what is alleged by Attorney Neiderhiser in his motion to withdraw, I don't think you understand. You don't get co-counsel. When you are not a lawyer, you are either going to represent yourself or let a lawyer represent you. You have chosen not to let a lawyer represent you now on two cases.

[APPELANT]: That's fine, Your Honor, if that's--

THE COURT: I have to say, I believe we had this same issue with Attorney Kope. So, even if I took the time and the County's money to get you another lawyer, I suspect he's going to have the same response to you that he's not going to file your motion to suppress.

* * *

In the case of Commonwealth versus [Appellant], docketed at 7095 of 2014. This matter was on the trial list this morning. In addition, there are a number of motions outstanding, including a motion to dismiss counsel and a motion for counsel to withdraw. We grant Attorney Neiderhiser's motion to withdraw as counsel in this case, as clearly the parties are not able to work together to move this case forward . . . .

[Appellant's] motion for appointment of co-counsel is denied.

N.T. (Motion Hearing), 1/19/16, at 2–6.

After the January 19, 2016 hearing, Appellant filed a number of *pro se* motions and represented himself during trial. Appellant does not reference any occasion in those proceedings wherein he objected to his *pro se* status or the trial court's refusal to appoint co-counsel.

"Where the parties fail to preserve an issue for appeal, the Superior Court may not address that issue *sua sponte*." **Commonwealth v. Colavita**, 993 A.2d 874, 891 (Pa. 2010) (quoting **Steiner v. Markel**, 968 A.2d 1253, 1257 (Pa. 2009)). However, this prohibition is not absolute. **Commonwealth v. Markun**, 185 A.3d 1026, 1038 (Pa. Super. 2018). Specifically, this Court has held that "'as a general rule, failure to raise an issue in a criminal proceeding does not constitute a waiver where the defendant is not represented by counsel in the proceeding. This rule does not apply where the defendant knowingly and intelligently waived representation by counsel.'" **Commonwealth v. Johnson**, 158 A.3d 117, 121 (Pa. Super. 2017) (quoting **Commonwealth v. Monica**, 597 A.2d 600, 603 (Pa. 1991)). Applying these principles to the instant matter, wherein it is acknowledged that a formal waiver colloquy was not conducted, we will address Appellant's withdrawal of counsel issue.

Initially, we discern no abuse of discretion in the trial court's order granting counsel's motion to withdraw. Notably, counsel's request to withdraw was precipitated by Appellant's earlier motion for waiver of counsel. Both Appellant and appointed counsel agreed that their working relationship had deteriorated to the point of unmanageable impasse. Additionally, after the trial court explained that Appellant was not entitled to co-counsel, Appellant indicated his desire to represent himself. Under these circumstances, the trial court's decision to grant the motion to withdraw was

supported by the record and grounded in the law, and there is no reason to conclude that the court's ruling was based on bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of the law. ***See Commonwealth v. Ramos***, 936 A.2d 1097, 1100 (Pa. Super. 2007) (trial court abuses its discretion when in "reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will," as shown by the record evidence.).

We turn to whether the trial court correctly concluded that Appellant forfeited his right to counsel. Appellant contends chiefly that he did not voluntarily waive his right to counsel because the trial court did not conduct a waiver of counsel colloquy in accordance with Pa.R.Crim.P. Rule 121.

The trial court conceded that it did not conduct a Rule 121 colloquy, but reasoned that the waiver colloquy was unwarranted because Appellant had forfeited his right to counsel. ***See Commonwealth v. Kelly***, 5 A.3d 370, 378 (Pa. Super. 2010 (colloquy requirements of Pa.R.Crim.P 121 do not apply to situations where forfeiture is found). The trial court relied upon the following reasoning in reaching its forfeiture conclusion:

> A defendant forfeits the right to counsel when he engages in extremely serious misconduct or extremely dilatory conduct. Kelly, supra. For example:
>
>> [I]n Lucarelli, [*supra*], the defendant failed to retain counsel despite having more than eight months to prepare for trial and the financial means to hire a lawyer. He had privately retained counsel on several

- 10 -

occasions, but the trial court allowed counsel to withdraw when the attorney-client relationship deteriorated. Five weeks before trial, the trial court gave the defendant access to funds to retain counsel, but he failed to do so by the start of trial and had no explanation for not having done so. The Supreme Court concluded that the defendant had engaged in "extremely dilatory conduct" such as to amount to a forfeiture of his right to counsel.

Commonwealth v. Fill, 202 A.3d 133, 139 (Pa. Super. 2019). Similarly, in Kelly, *supra*, the Superior Court found the defendant engaged in serious misconduct as, "the defendant was uncooperative with all three lawyers appointed to represent him . . . because they refused to argue his view of the law." Id. Further, the Superior Court found the trial court's actions reasonable when it refused to appoint further counsel after the defendant requested another continuance and appointment of a fourth attorney. Id.

[Appellant] is similar to the defendants in Lucarelli and Kelly as he too engaged in extremely serious misconduct and/or dilatory conduct. First, while represented by Attorney Neiderhiser, [Appellant] continued to file *pro se* motions. (See, Motion for Continuance and Pre-trial Discovery, filed 11/16/15; see also, Motion to Compel, filed 11/30/15). [Appellant] also filed of public record correspondence he addressed to Attorney Neiderhiser. (See, Correspondences to Attorney Neiderhiser, filed 11/4/15 and 11/5/15).

Second [Appellant] addressed correspondence to the Clerk's office which was filed of record wherein he indicated that he wished to move forward with his Bail Motion and that he would be "**conjoining the assistance**" of Attorney Neiderhiser. (See, Correspondences to Clerk of Court, filed 10/14/15). [Appellant] has been unequivocal in his desire to act in the capacity of lead counsel in his matters. (N.T. Hearing, 1/19/16, p. 2.).

Third, while Attorney Neiderhiser filed the Motion to Withdraw as Counsel on 12/31/15; it was [Appellant] who initiated this chain of events by filing a "Motion for Waiver of Counsel." (See, Motion to Withdraw as Counsel, filed 12/31/15). By his actions, [Appellant] essentially asked the court to permit Attorney Neiderhiser to withdraw and appoint a different attorney to act as co-counsel to [Appellant] while [Appellant] would continue to

represent himself *pro se*. After granting Attorney Neiderhiser's Motion to Withdraw, the trial court indicated its belief that appointing new counsel would be futile as [Appellant] would likely lodge the same complaints as he had done in the past—an assertion to which [Appellant] did not refute. (N.T. Hearing, 1/19/16, p. 5). Moreover, [Appellant] stated that he was "fine" with representing himself during trial proceedings. (Id., p. 4.).

On January 19, 2016, when this [c]ourt granted Attorney Neiderhiser's Motion to Withdraw, [Appellant] continued to renew previously filed motions and failed to secure private counsel in the six months preceding trial. On two separate occasions, [Appellant's] relationship with his legal counsel deteriorated ultimately because counsel declined to file what they assessed to be meritless motions. [Appellant] is not permitted to engage in extremely serious misconduct and/or dilatory conduct only to later claim an absence of waiver.

The extensive record reflects that [Appellant] actively chooses when he wants to exercise his right to counsel and when he chooses to forfeit that right. During Appellant's sentencing hearing, the following exchange took place:

> Court: Sir, again I would offer you the opportunity to make application for counsel to assist you with your appeal. That's up to you whether you wish that opportunity.
>
> [Appellant]: For my appeal, I will, yes, Your Honor.

(N.T. Sentencing Hearing, 9/27/16, p. 7). In this instance, [Appellant] accepted the [c]ourt's offer to appoint counsel to represent him on appeal. While the court appointed Attorney Eshbach on September 27, 2016, to represent [Appellant] in his post-sentence litigation, [Appellant] continued to move *pro se*. (See, Amended Post-Sentence Motion, filed *pro se* 10/13/16).

Based on the foregoing, this [c]ourt believes that [Appellant's] actions preceding his trial amount to intentional forfeiture and/or forfeiture of his right to counsel.

Trial Court Opinion, 4/18/19, at 7–10 (emphasis in original).

Appellant's only retort to this reasoning is that the trial court never advised Appellant that "he was engaging in 'extremely serious misconduct' or 'dilatory conduct,' by filing motions with the court and proceeding *pro se*." Appellant's Brief at 16. Appellant also complains that the trial court did not caution him "about his conduct during any of the hearings before it, or in any of its written orders denying him relief." ***Id.***

We agree with the trial court that Appellant forfeited his right to counsel through his pattern of refusal to accept his attorneys' stewardship, beginning with his relationship with his privately-retained counsel, Shane Kope, Esq. On December 5, 2014, Attorney Kope entered his appearance on Appellant's behalf. On June 30, 2015, Appellant filed a self-styled "Ineffective Assistance of Counsel" document requesting that Attorney Kope be removed as counsel because, *inter alia*, he refused to "raise exigent points pertinent to the case" and "submit an omnibus motion." Ineffective Assistance of Counsel, 6/30/15, at ¶ 4(a)(b). On July 1, 2015, Attorney Kope filed a Motion for Continuance of Appellant's trial scheduled to begin on July 5, 2015, citing Appellant's notification that he was discharging Attorney Kope. Motion for Continuance, 7/1/15, at ¶ 3. A few days later, on July 10, 2015, Attorney Kope filed a motion to withdraw, averring that his conflict with Appellant over the validity of the search warrant issued in this matter resulted in a "breakdown of communications such that the [attorney/client] relationship has become acrimonious." Motion to Withdraw as Counsel, 7/10/15, at ¶11. That same

day, the trial court held a hearing on both motions. In its order granting the motions, the trial court stated: "We have made it clear to [Appellant] that he needs to seek counsel immediately if he intends to do that as we will not grant him a further continuance for that purpose." Order, 7/10/15, at 1–2.

Despite this admonition from the trial court, Appellant did apply to the York County Public Defender's Office until September 2015 when Attorney Neiderhiser entered his appearance on Appellant's behalf. Appellant continued to file *pro se* motions after Attorney Neiderhiser's appointment. The relationship between Appellant and appointed counsel was fraught with conflict over the merits of motions that Appellant requested to be filed, culminating in Appellant's motion for waiver of counsel and Attorney Neiderhiser's motion to withdraw. At the hearing on these motions, the trial court explained that Appellant was not entitled to co-counsel and advised him that his remaining options were representation by a lawyer or self-representation. Appellant confirmed that he would proceed *pro se*, and he represented himself through the trial. As a result of Appellant's insistence on usurping his attorneys' legal guidance and his copious *pro se* filings, trial did not commence until July 19, 2016, one year after the trial court informed Appellant that no further continuances would be granted.

As detailed above, Appellant's refusal to cooperate with either his privately retained and/or his appointed counsel, his expectation that his counsel should execute the unmeritorious legal strategies he proposed, his

numerous *pro se* filings, his claims of ineffective assistance of counsel for failing to pursue his flawed legal arguments, and his stated desire to proceed *pro se* amounted to conduct sufficiently obstructive to mandate a conclusion of forfeiture.

We further reject Appellant's contention that the trial court was required to advise him that his conduct could result in forfeiture of this right. No such notice is necessary in forfeiture cases. **See Lucarelli**, 971 A.2d at 1179 ("'Forfeiture can result regardless of whether the defendant has been warned about engaging in misconduct and regardless of whether the defendant has been advised of the risks of proceeding *pro se.*'") (quoting **United States v. Goldberg**, 67 F3d. 1092, 1101 (3d Cir. 1995)). Where, as here, "a defendant's course of conduct demonstrates his or her intention not to seek representation . . . , a determination that the defendant be required to proceed *pro se* is mandated because that defendant has forfeited the right to counsel." **Lucarelli**, 971 A.2d at 1179. Appellant's uncooperative behavior demonstrated his clear intention not to follow counsel's advice, and no further hearing was necessary to develop this aspect of Appellant's misconduct.[3]

---

[3] We also note that Appellant's waiver of counsel motion declared that he understood his rights under Rule 121. Motion For Waiver of Counsel, 1/4/16, at ¶ G. While we do not view this averment as a substitute for a Rule 121 colloquy, it is further indication that Appellant viewed himself as a *pro se* litigant.

Based upon the foregoing, we conclude that the trial court did not abuse its discretion when it permitted Attorney Neiderhiser to withdraw. Further, the trial court's finding that Appellant forfeited his right to counsel did not constitute a violation of Appellant's constitutional right.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/07/2020