J-S47026-18

2019 PA Super 3

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                              :             PENNSYLVANIA
                              :
           v.                   :
                              :
                              :
RICHARD A. FILL                 :
                              :
           Appellant         :     No. 31 WDA 2018

Appeal from the Order Entered December 1, 2017
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000018-2017

BEFORE: OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

OPINION BY McLAUGHLIN, J.:                 FILED JANUARY 4, 2019

Richard A. Fill timely appeals from the December 1, 2017 order granting

the Commonwealth's Motion for Reconsideration of Sentencing, reducing Fill's

credit for time served. Because Fill did not have counsel at the hearing on that

motion, we vacate the order and remand to the trial court for further

proceedings. Fill also challenges his order of restitution, which the trial court

imposed as part of his judgment of sentence. Because he filed this appeal

more than 30 days after the entry of his judgment of sentence, we lack

jurisdiction to entertain this challenge.

Fill was charged in January 2017, with terroristic threats, simple

assault,[1] and other charges. The trial court appointed the Public Defender's

Office to represent Fill, but in June 2017, counsel filed a Motion to Withdraw

_____

*    Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2706(a)(3) and 2701(a)(3), respectively.

Appearance. The motion asserted that Fill was dissatisfied with the services of the Public Defender and believed there was a conflict of interest because the Chief Public Defender was acquainted with the District Attorney. The trial court denied the motion.

A few weeks later, counsel filed a second motion to withdraw approximately three weeks later, alleging there was a "personality conflict" and a "fundamental disagreement . . . regarding trial strategy and all attempts at reaching a mutually acceptable resolution have been unsuccessful." Second Motion to Withdraw Appearance, filed July 12, 2017, at ¶¶ 2-3. Counsel later supplemented the second motion to withdraw, stating that Fill might not be eligible for benefits from the Public Defender's Office because he had received a bail refund but had not completed a new Public Defender application indicating his income and assets. Supplemental Motion to Withdraw Appearance, filed July 21, 2017, at ¶¶ 3-5. That same day, Fill submitted a completed Public Defender application. The trial court permitted the Public Defender's Office to withdraw and, by order entered August 2, 2017, appointed new counsel, Joan Fairchild, Esq.

A jury subsequently found Fill guilty of terroristic threats and simple assault, and on October 27, 2017, the trial court sentenced Fill. For terroristic threats, the court imposed a sentence of 11½ to 24 months less one day of incarceration followed by two years of probation and 50 hours of community service. For simple assault, the court sentenced Fill to 1 year of probation plus

40 hours of community service, and ordered him to pay $1,030 in restitution. The court also awarded Fill 286 days credit for time served.

At sentencing, Fill stated, "[A]t this time, [I am] going to have a third party individual that I want to retain someone [sic] else [for] the appeal process from this day forward." N.T., 10/27/17, at 15. Attorney Fairchild later filed a Motion to Withdraw as Counsel, stating that Fill "indicated to the Court of his intention to retain new counsel to represent him in any proceedings following sentencing." Motion to Withdraw as Counsel, filed Nov. 2, 2017, at ¶ 3. The trial court granted the motion and allowed counsel to withdraw; it does not appear that Fill was served with a copy of the order. In any event, no other lawyer entered an appearance, and the court did not appoint new counsel or conduct a colloquy to determine whether Fill intended to waive his right to counsel.

A few days after the trial court allowed Attorney Fairchild to withdraw, on November 13, 2017, the Commonwealth filed a Motion for Reconsideration of Sentence alleging that Fill should have received no credit for time served. The Commonwealth appears to have believed that Attorney Fairchild was still representing Fill, as the motion stated, "Defense Counsel, Joan Fairchild, has [an] objection." Motion for Reconsideration of Sentence, filed Nov. 13, 2017, at ¶ 3-5. The copy of the motion in the certified record does not include a certificate of service.

Shortly after the Commonwealth filed its Motion for Reconsideration of Sentence, Fill filed a pro se communication with the trial court stating that

court-appointed counsel had filed a motion to withdraw and he was waiting for "new counsel John Shreve" to represent him on appeal. Letter from Fill to Clerk of Court dated November 19, 2017. Attorney Shreve did not enter his appearance on Fill's behalf in this proceeding.

The trial court held a hearing in December 2017, on the Commonwealth's motion to reduce Fill's credit for time served. Fill was not represented by counsel at the hearing. The trial court stated, "I note for the record[] that Miss Fairchild withdrew from this case at what she termed your request." N.T., 12/1/17, at 3. Fill replied that he was "still trying to get ahold of Mr. Shreve," but was "[n]ot successful at this time." Id. Fill also stated that he had not received a copy of the Commonwealth's motion. Id. As noted above, the copy of the Commonwealth's motion in the original record does not contain a certificate of service, and the Motion stated that Attorney Fairchild objected to the Motion. The trial court granted the Commonwealth's motion and reduced Fill's credit for time served from 286 days to nine days. Order, 12/1/17.

Attorney Elizabeth K. Feronti, Esq. then entered her appearance on behalf of Fill, on January 2, 2018, and filed a Notice of Appeal. Fill raises the following issues on appeal:

> 1. Did the Trial Court err by not affording [Fill] the assistance of counsel at the time for Argument on the Commonwealth's untimely Post Sentence Motion that resulted in [Fill] losing credit for time served?
>
> 2. Did the Trial Court err by awarding restitution when it was unsupported by the record?

- 4 -

Fill's Br. at 7.

We first must address whether we have jurisdiction over Fill's appeal. The Commonwealth's Motion for Reconsideration of Sentence was docketed on November 13, 2017, more than 10 days after the judgment of sentence. The Commonwealth should have filed the motion within 10 days after the imposition of sentence. See Pa.R.Crim.P. 720(A)(1). The apparent untimeliness of the Commonwealth's motion draws into question both the trial court's authority to rule on the motion and the propriety of Fill's appeal from the order granting that motion.

The Commonwealth asserts in its appellate brief that "[d]ue to a procedural anomaly," it delivered its motion to the Judge's chambers on November 3, 2017, rather than filing it with the Prothonotary on that date. Commonwealth Br. at 1. The Commonwealth concedes, however, that the Prothonotary did not receive the motion for filing until November 13, 2017. Id. at 2.

Delivering a motion to a trial judge does not constitute "filing." Rather, "[a]ll applications for relief or other documents relating to the following matters shall be filed in or transferred to the clerk of courts." 42 Pa.C.S.A. § 2756(a). "If a copy of a motion must be filed with a trial judge, the original still must be filed with the county clerk of courts in a timely fashion." Commonwealth v. Tedesco, 550 A.2d 796, 798 (Pa.Super. 1988). The Commonwealth admits that its motion was not filed with the Prothonotary until more than 10 days after sentencing. Further, the copy of the

Commonwealth's motion in the certified record does not contain a certificate of service on Fill, and nothing else in the record suggests that Fill was aware of the motion. Pa.R.Crim.P. 576(b) (providing that written motions must be served upon each party and all documents filed in court must include certificate of service). In sum, the Commonwealth's Motion to Reconsider the Sentence was not properly before the lower court. See Commonwealth v. Crawford, 17 A.3d 1279, 1282 (Pa.Super. 2011).

However, even though the motion was not timely filed or properly served, the trial court had jurisdiction to enter the order from which Fill appeals. A trial court has inherent power to modify a judgment of sentence sua sponte to reflect the proper amount of credit for time served. See Commonwealth v. Klein, 781 A.2d 1133, 1134-35 (Pa. 2001) (concluding trial court had jurisdiction to modify sentence sua sponte to correct credit for time served while appeal was pending); Commonwealth v. Ellsworth, 97 A.3d 1255, 1257 (Pa.Super. 2014) (holding erroneous credit for time served was "a patent and obvious mistake that was amenable to correction").[2]

Our jurisdiction over Fill's appeal from the order reducing his credit for time served is likewise secure. Fill had 30 days from the entry of that order to appeal. See Pa.R.A.P. 903(a). The trial court entered the order on December 1, 2017, and 30 days from that date was Sunday, December 31, 2017. As no filing was possible that day, or the following day, which was New Year's Day,

_____

[2] Because the trial court entered its order more than 30 days after imposition of sentence, it could act only under its inherent authority. 42 Pa.C.S.A. § 5505.

Fill had until January 2, 2018, to file an appeal. 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time when the last day of a time period falls on a weekend or holiday). Fill's Notice of Appeal, even though he filed it on the last possible day, January 2, 2018, was timely.

However, we cannot entertain Fill's challenge to the imposition of restitution. The court imposed restitution with Fill's judgment of sentence, and the time for Fill to appeal ran from the entry of the judgment. Commonwealth v. Bartley, 576 A.2d 1082, 1083 (Pa.Super. 1990). Absent exceptions not applicable here, a party waives appellate review of a final order by failing to file a notice of appeal from that order within 30 days of the order's entry. See Pa.R.A.P. 903(a); Koken v. Colonial Assurance Co., 885 A.2d 1078, 1101 (Pa.Cmwlth. 2005), aff'd, 893 A.2d 98 (Pa. 2006).[3] Because Fill did not appeal from his judgment of sentence within 30 days, we lack

_____

[3] Cf. Commonwealth v. Williams, 151 A.3d 621, 625 (Pa.Super. 2016) (holding issue waived where party failed to raise it in first appeal); Commonwealth v. Mathis, 463 A.2d 1167, 1169 (Pa.Super. 1983) (holding claims of trial error, raised on appeal after re-sentencing, were either previously litigated in first appeal or waived by failure to present them in first appeal).

Fill was not counseled when he could have filed a post-sentence motion or direct appeal, and may be eligible for re-instatement of his post-sentence motion rights and/or direct appeal rights nunc pro tunc, through a timely Post Conviction Relief Act petition. See 42 Pa.C.S.A. § 9545(b). We issue no "holding" regarding the merits of the restitution claim – such as to require the lower court to consider it – because we do not have jurisdiction to entertain that claim.

jurisdiction to consider his challenge to the restitution award, which the trial court entered as part of his judgment of sentence.

We now turn to Fill's claim that the trial court erred by not affording him the assistance of counsel at the hearing addressing the amount of credit for time served. The Commonwealth notably does not object to a remand for a hearing at which Fill would be represented by counsel, and we agree that remand is necessary.

Fill had a right to counsel during the proceedings on the Commonwealth's Motion for Reconsideration of Sentence. Those accused of crimes have a right to the assistance of counsel. U.S. Const. amend. VI; Pa. Const. art. I, § 9. The right to counsel extends not only to "certain summary proceedings, at trial, guilty plea hearings, sentencing," but also to "every 'critical stage' of a criminal proceeding." Commonwealth v. Johnson, 158 A.3d 117, 122 (Pa.Super. 2017) (quoting Commonwealth v. Phillips, 93 A.3d 847, 853 (Pa.Super. 2014)). The proceedings on the Commonwealth's motion were a "critical stage" because the trial court would determine whether it should exercise its inherent authority to modify what was in effect an illegal judgment of sentence. See Commonwealth v. Beck, 848 A.2d 987, 989 (Pa.Super. 2004) (stating a challenge to credit for time served goes to the legality of sentence). Akin to a sentencing hearing, those proceedings would determine the amount of time Fill would remain in prison. Accordingly, Fill had a right to counsel during the proceedings on the Commonwealth's Motion for Reconsideration of Sentence.

The trial court nevertheless concludes that Fill forfeited his right to counsel. The court cites counsel's pre-trial motions to withdraw and Fill's statement at sentencing that he intended to hire new counsel for appellate purposes. Trial Court Opinion, filed Feb. 21, 2018, at 3-4. We disagree that Fill's actions warrant a finding that he forfeited his right to counsel.

Certainly, the right to counsel "is not absolute." Commonwealth v. Lucarelli, 971 A.2d 1173, 1178 (Pa. 2009). A criminal defendant can waive or forfeit the right to counsel. Id. at 1179-89; see also Pa.R.Crim.P. 121(a). Whether Appellant forfeited his right to counsel is a question of law over which our standard of review is de novo and our scope of review is plenary. See Lucarelli, 971 A.2d at 1178.

A defendant forfeits the right to counsel through either "extremely serious misconduct" or "extremely dilatory conduct." Commonwealth v. Staton, 120 A.3d 277, 286 (Pa. 2015) (quoting Lucarelli, 971 A.2d at 1179). For example, in Lucarelli, the defendant failed to retain counsel despite having more than eight months to prepare for trial and the financial means to hire a lawyer. He had privately retained counsel on several occasions, but the trial court allowed counsel to withdraw when the attorney-client relationship deteriorated. Five weeks before trial, the trial court gave the defendant access to funds to retain counsel, but he failed to do so by the start of trial and had no explanation for not having done so. The Supreme Court concluded that the defendant had engaged in "extremely dilatory conduct" such as to amount to a forfeiture of his right to counsel. Lucarelli, 971 A.2d at 1180.

In another example, in Commonwealth v. Kelly, 5 A.3d 370, 381-82 (Pa.Super. 2010), the defendant was uncooperative with all three lawyers appointed to represent him and argued that all three were incompetent because they refused to argue his view of the law. After the trial court allowed the first lawyer to withdraw, when the defendant could not agree with the second lawyer, the court delayed trial a second time, appointed new counsel, and warned the defendant that failure to cooperate with the third lawyer would result in him proceeding pro se. When the defendant asked the court to postpone the trial again and to appoint a fourth lawyer, the trial court allowed the third lawyer to withdraw but refused to appoint further counsel. Id. at 381. Under those circumstances, we had "no difficulty" affirming the trial court's conclusion that the defendant had conducted himself so as to forfeit his right to counsel. Id.

Fill's conduct did not rise to the level of the defendants' actions in Lucarelli and Kelly. Although Fill's initial disagreement with the Public Defender's Office resulted in the Public Defender's withdrawing from representation, Fill did not engage in misbehavior such as would amount to "extremely serious misconduct" or "extremely dilatory conduct." In fact, after the Public Defender withdrew, Fill maintained the same court-appointed counsel through trial and sentencing. His statement at sentencing that he would obtain new counsel for an appeal does not change the picture. Defendants often change counsel when the time comes for an appeal, and nothing suggests that Fill made the statement to forestall or obstruct the

proceedings. There is no evidence, for example, that Fill failed to seek private counsel or delayed in doing so. Indeed, delaying hiring appellate counsel would be counterproductive, as doing so could easily cause him to miss the 30-day window to file a notice of appeal.

The record here does not support a conclusion that Fill forfeited counsel. We therefore vacate the trial court's December 1, 2017, order and remand for further proceedings on the Commonwealth's Motion for Reconsideration of Sentencing during which Fill is afforded the right to counsel.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2019