J-A12003-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN G. EAKIN | : | |
| | : | |
| Appellant | : | No. 528 WDA 2019 |

Appeal from the Judgment of Sentence Entered April 11, 2019
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000647-2017

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                      FILED NOVEMBER 2, 2020

Appellant, Steven Eakin, pro se, appeals from the aggregate judgment

of sentence of eight to twenty-four months, less one day, of confinement,

which was imposed after his jury trial conviction for driving under the influence

of alcohol, highest rate of alcohol, second offense, graded as a first-degree

misdemeanor.[1]  We vacate and remand for further proceedings.

The facts underlying this appeal are as follows, taken from the trial court

opinion:

> On August 11, 2017, Chief Edward Sharp of the Polk
> Borough Police Department observed Defendant traveling
> east on Georgetown Road in the westbound lane.  Chief
> Sharp observed Defendant driving in this manner for about
> one-half of a mile, and initiated a traffic stop at about 8:56
> PM.  Chief Sharp immediately recognized Defendant, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(c).

called another officer to conduct the traffic stop because he and the Defendant had a personal and professional relationship. Sergeant Alan Heller, an officer with the Polk Borough Police Department, arrived to continue the traffic stop. After determining Defendant exhibited indicators of DUI, he was placed under arrest and asked to submit to a blood test. Defendant eventually consented, and Defendant was taken to UPMC Northwest, where Defendant's blood was drawn around 10:00 PM.

TCO 6/5/2019 at 1.

Appellant was charged with DUI, general impairment and highest rate of alcohol.[2] Appellant's preliminary hearing was scheduled for October 11, 2017. The preliminary hearing was continued for Appellant to retain legal representation. On October 18, 2017, Appellant's case was held for court in absentia, as he failed to appear for his scheduled preliminary hearing. Thereafter, at hearings regarding the bench warrant and bail, Appellant appeared pro se.

On December 28, 2017, Appellant, pro se, filed an omnibus pre-trial motion for relief arguing that statements he made to police should be suppressed, the blood alcohol report should be suppressed, the information should be quashed, and the Venango County District Attorney's Office should be recused. On February 27, 2018, the trial court held a hearing on Appellant's omnibus pre-trial motion. Appellant appeared pro se at this

---

[2] 75 Pa.C.S. §§ 3802(a)(1), and (c).

hearing.[3] On May 17, 2018, the trial court held an additional hearing, during which Appellant presented evidence relevant to his omnibus pre-trial motion. Again, Appellant appeared pro se at this hearing. The Commonwealth and Appellant submitted post-hearing briefs. On September 28, 2018, the trial court filed an order, dismissing Appellant's omnibus pre-trial motion, as well as its opinion and supporting findings of fact. On February 8, 2019, Appellant signed a waiver of counsel form. The February 8, 2019 waiver of counsel form indicated that the trial court conducted an "on-the-record colloquy" with Appellant and determined that Appellant made a "knowing, voluntary and intelligent waiver of the right to be represented by legal counsel and thereby elects to be self-represented." Waiver of Counsel, 2/8/19. On February 15, 2019, Appellant proceeded to a jury trial, pro se. Appellant was found guilty of driving under the influence. On April 11, 2019, the trial court imposed judgment of sentence. On April 11, 2019, Appellant filed this timely direct appeal.[4]

_____

[3] There appears no indication in the certified record that Appellant was advised of his right to counsel pursuant to Pa.R.Crim.P. 121(C), nor that there was a valid, written, waiver or colloquy to ensure that Appellant's waived the right to be represented by counsel. This is discussed further below.

[4] On April 15, 2019, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal (Rule 1925(b) statement). On April 17, 2019, Appellant filed his Rule 1925(b) statement. On June 5, 2019, the trial court filed its opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issues for our review:

1. Whether the Suppression Court committed an error of law and abused its discretion by failing to grant appellant's Motion to Quash the Information for want of lawful police jurisdiction.

2. Whether the Suppression Court committed an error of law and abused its discretion by failing to suppress statements made by the appellant at the time of the traffic stop when the police officer failed to provide a Miranda[5] warning, and by failing to suppress the blood test results for the police officer's failure to provide the required O'Connell[6] warning at the time of the blood draw.

Appellant's brief at 6 (trial court answers omitted).

Before we can address the merits of Appellant's claims, this Court must first address whether Appellant properly waived his right to counsel. See Commonwealth v. Johnson, 158 A.3d 117, 122 (Pa. Super. 2017) (stating that this Court has a duty to review whether appellant properly waived his right to counsel prior to his suppression hearing even though appellant did not assert the issue on appeal); See also Commonwealth v. Murphy, 214 A.3d 675, 679 (Pa. Super. 2019) (reviewing the issue of whether appellant waived his right to counsel at a violation of probation hearing sua sponte).

The Sixth Amendment to the Federal Constitution states: "In all criminal prosecutions, the accused shall enjoy … the Assistance of Counsel for his

---

[5] Miranda v. Arizona, 384 U.S. 436 (1966).

[6] Commonwealth of Pennsylvania, DOT v. O'Connell, 555 A.2d 873 (Pa. 1989).

defense." U.S. Const. amend. VI. Article I, Section 9 of the Pennsylvania Constitution states: "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel...." Pa. Const. Art. I, § 9. See Commonwealth v. McAleer, 748 A.2d 670, 673 (Pa. 2000). "The right to counsel extends not only to certain summary proceedings, at trial, guilty plea hearings, sentencing, but also to every critical stage of a criminal proceeding." Commonwealth v. Fill, 202 A.3d 133, 138 (Pa. Super. 2019) (citations omitted). The suppression hearing is a critical stage of the criminal proceedings and waiver of counsel cannot be found on a silent record. Johnson, 158 A.3d at 122 (citations omitted).

> When the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary, and intelligent waiver of counsel.

Pa.R.Crim.P. 121(C).

In Johnson, 158 A.3d at 120-23, appellant signed a waiver of counsel at the magisterial district court, but nothing in the record indicated that appellant ever waived his right to counsel on the record before the trial court conducted the suppression hearing. Johnson proceeded pro se at the suppression hearing but subsequently retained counsel for his trial. Id. This Court concluded,

> [a]s a suppression hearing is a critical stage and Appellant was not informed of his rights on the record, we are constrained to find that Appellant did not knowingly, voluntarily, and intelligently waive his right to counsel. In order to proceed at the suppression hearing, the trial court

- 5 -

was required to determine, on the record, whether Appellant knowingly, voluntarily, and intelligently waived his right to counsel. We hold that the trial court's failure to colloquy Appellant of his constitutional right to counsel prior to the suppression hearing requires us to vacate the judgment. Appellant is entitled to a new suppression hearing and a new trial.

Johnson, 158 A.3d at 123. Pursuant to Johnson, 158 A.3d 117, an on the record colloquy, in accordance with Pa.R.Crim.P. 121(C), is required as to the defendant's knowing, voluntary and intelligent waiver of his right to be represented by counsel at all critical stages of a criminal proceeding, including the suppression hearing.

Our review of the record reveals there is nothing in the record indicating that Appellant waived his right to counsel on the record as required by Pennsylvania Rule of Criminal Procedure 121(C) before his suppression hearing.[7] Although Appellant properly waived his right to counsel before his jury trial, that does not validate the suppression hearing. "[O]nce a defendant has made a competent waiver of counsel, that waiver remains in effect through all subsequent proceedings in that case absent a change of circumstances." Johnson, 158 A.3d at 122 (quoting Commonwealth v.

_____

[7] On June 30, 2020, this Court remanded to the trial court to determine if an on the record colloquy was performed, prior to the February 27, 2018 suppression hearing, pertaining to Appellant's knowing, voluntary and intelligent waiver of his right to be represented by counsel. The trial court diligently investigated the matter and responded to this Court, by letter dated September 24, 2020, that although there were detailed discussions about "the perils of self-representation at several hearings prior to the February 27, 2018 hearing," it was unable to locate a formal colloquy. See Trial Court Letter, 9/24/20.

Phillips, 141 A.3d 512, 521 (Pa. Super. 2016)). We, therefore, vacate the judgment of sentence and remand for further proceedings. See Johnson, 158 A.3d at 123.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/02/2020