J-S15043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD A. FILL | : | |
| | : | |
| Appellant | : | No. 1132 WDA 2020 |

Appeal from the PCRA Order Entered July 2, 2020
In the Court of Common Pleas of Warren County Criminal Division at
No(s):  CP-62-CR-0000018-2017

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JULY 9, 2021**

Appellant, Richard A. Fill, appeals from the order granting in part and denying part his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the following factual and procedural history of this matter:

> The Commonwealth charged [Appellant] with four (4) counts following an incident that occurred on or about January 14, 2017 where [Appellant] threatened the victim[, James Hill], another person residing at a motel, with a hammer when confronted regarding excessive noise caused by the playing [of] loud music and the riding of a four-wheeler around the motel during the night. Specifically, the Commonwealth charged [Appellant] as follows: Count 1 – Terroristic Threats, [18 Pa.C.S. § 2706(a)(3),] Count 2 – Simple Assault, [18 Pa.C.S. § 2701(a)(3),] Count 3 – Disorderly

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

Conduct, [18 Pa.C.S. § 5503(a)(4),] and Count 4 – Public Drunkenness[, 18 Pa.C.S. § 5505.] On March 9, 2017, [Appellant] pled not guilty. [After Appellant's public defender filed several motions to withdraw from representation of Appellant, the trial court permitted the public defender to withdraw and] appointed Attorney Joan M. Fairchild, Esq. to represent [Appellant].

A jury trial occurred on September 28, 2017 and following trial, the jury returned a verdict of guilty as to Count 1 – Terroristic Threats and Count 2 – Simple Assault and a not guilty [verdict as] to Count 3 – Disorderly Conduct. [Appellant's] "Motion for Judgment of Acquittal as to Count 4 – Public Drunkenness" was granted by [the trial court] on the same day. On October 27, 2017, [Appellant] was sentenced with the Deadly Weapon Enhancement in the aggregate to eleven and one-half (11½) months to twenty-four (24) months in the Warren County Jail with credit for time served of two hundred eighty-six (286) days followed by two (2) years [of] consecutive probation. [The trial court also required Appellant to pay $1,030 of restitution to the victim.] At sentencing, while represented by Attorney Fairchild, [Appellant] told the [c]ourt that he was going to retain a different attorney after sentencing. Attorney Fairchild filed a "Motion to Withdraw as Counsel" on November 2, 2017 which was granted by [the trial court] the same day[.]

On November 13, 2017, the Commonwealth filed a "Motion for Reconsideration of Sentence" requesting [the trial court] to amend the credit for time served from two hundred eighty-six (286) days to zero (0) and stating that Attorney Fairchild had an objection to said Motion. [] On November 20, 2017, [Appellant] sent a *pro se* letter to [the trial court] confirming Attorney Fairchild's withdrawal and that he was waiting for Attorney John Slileve, Esq. to represent him on appeal. Argument was held on December 1, 2017, with [Appellant] appearing without counsel, and the Motion was granted in part by [the trial court, which concluded] that the Sentence Order would reflect nine (9) days [] credit for time served as opposed to two hundred eighty-six (286).

On January 2, 2018, Attorney Elizabeth K. Feronti, Esq. entered her appearance on behalf of [Appellant] and filed a "Notice of Appeal" on the same day. [In the appeal,] Attorney Feronti [argued] that the [t]rial [c]ourt erred by not providing assistance of counsel for [Appellant] at the Commonwealth's untimely post-Sentence Motion Argument and that the [t]rial [c]ourt erroneously awarded restitution that was not supported by the record.

The Superior Court of Pennsylvania issued an Opinion on January 4, 2019 vacating [the trial court's December 1, 2017] Order granting the Commonwealth's "Motion for Reconsideration of Sentence" due to the fact that [Appellant] did not have counsel at the hearing. [**Commonwealth v. Fill**, 202 A.3d 133, 138-39 (Pa. Super. 2019). The] Superior Court [additionally concluded that it] did not have jurisdiction to entertain [Appellant's] restitution issue raised on appeal because [the appeal] was filed more than thirty (30) days after entry of [the October 27, 2017] judgment of sentence [that imposed the restitution. **Id.** at 138.]

On March [19], 2019[, the trial court] filed a "Second Amended Sentence" sentencing [Appellant] in the aggregate to eleven and one-half (11½) months to twenty-four (24) months in the Warren County Jail with credit for time served of nine (9) days followed by two (2) years [of] consecutive probation. [The trial court also directed Appellant to pay the victim $1,030 in restitution.]

[Appellant] filed a *pro se* "Motion for Post-Conviction Collateral Relief" on May 9, 2019[.² The PCRA court] appointed Attorney Alan M. Conn, Esq. to represent [Appellant] as PCRA counsel. Attorney Conn filed an "Amended Petition for Post-Conviction Collateral Relief" on October 4, 2019. An evidentiary hearing was held on July 2, 2020[.]

PCRA Court Opinion, 12/1/20, at 1-4.

Following the July 2, 2020 hearing, the trial court entered an order granting in part Appellant's PCRA petition to the extent he challenged the restitution award and directing that the trial court conduct a new restitution

---

² The trial court's second amended sentencing order became final on April 18, 2020, when Appellant failed to file a direct appeal. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant's *pro se* PCRA petition filed on May 9, 2019, within one year of the date that the judgment became final, was therefore timely. **See** 42 Pa.C.S. § 9545(b)(1).

hearing but denying the remainder of Appellant's PCRA claims.[3]   Appellant

thereafter filed a timely appeal.[4]

Appellant raises the following issues on appeal:

1. Did the [PCRA] court abuse its discretion in finding that trial counsel did not render ineffective assistance of counsel because trial counsel did not interview or call to testify the witnesses Doris Lebowski and Harold Lebowski, even though their testimony would have been exculpatory related to certain matters related to the charges?

2. Did the [PCRA] court abuse its discretion in [] finding that trial counsel did not render ineffective assistance of counsel because trial counsel failed to object or seek a motion in limine regarding the arresting officer's testimony, when the arresting officer entered the Appellant's hotel room without a warrant, and the officer testified regarding events that resulted from the illegal entry, notably the Appellant's flight from the hotel room[?]

3. Did the trial court abuse its discretion in finding that the Appellant was not required to be present for his resentencing pursuant to Pa.R.Crim.P. 704?

Appellant's Brief at 4.

We review the denial of a PCRA petition to decide whether the PCRA

court's factual determinations are supported by the record and its legal

---

[3] Although the PCRA court's July 2, 2020 order did not finally resolve the issue of Appellant's restitution, the order was final and immediately appealable as it fully disposed of all the claims raised in Appellant's PCRA petition. **See Commonwealth v. Grove**, 170 A.3d 1127, 1138 (Pa. Super. 2017) (PCRA court's order granting relief with regard to sentencing and denying all other claims is a final appealable order); **accord Commonwealth v. Watley**, 153 A.3d 1034, 1039 n.3 (Pa. Super. 2016).

[4] Appellant filed his concise statement of errors complained of on appeal on November 10, 2020, and the PCRA court filed its opinion on December 1, 2020.

- 4 -

conclusions are free of error. ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020). When supported by the record, the PCRA court's factual findings and credibility determinations are binding on this Court, but we review the lower court's legal conclusions under a *de novo* standard of review. ***Id.*** Our scope of review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the Commonwealth, the party who prevailed below in this case. ***Id.***

In his first issue, Appellant argues that his trial counsel, Attorney Fairchild, provided ineffective assistance because she ignored his requests to call Appellant's aunt, Doris Labowski, and uncle, Harold Labowski, as witnesses at trial. According to Appellant, both his aunt and uncle would have testified that his truck was inoperable at the time of the January 14, 2017 incident and his aunt would have testified that Appellant did not have access to his four-wheeler until the day before the incident. PCRA Petition, 5/9/19, Exhibits A-1 to A-3; Amended PCRA Petition, 10/4/19, ¶17(a)-(b); N.T., 7/2/20, at 14, 26-27. Appellant asserts that their testimony would have contradicted Mr. Hill's account that Appellant was riding his four-wheeler and playing music out of his truck late at night over the four evenings prior to their confrontation.

Appellant contends that Attorney Fairchild lacked a reasonable basis for her decision not to call Appellant's aunt and uncle—or even to interview them during her preparation for trial—as their testimony would have been exculpatory. Appellant maintains that there is a reasonable probability of a

different result at trial if his aunt and uncle had testified as they would have cast doubt upon Mr. Hill's claims about the events that led up to the assault as well as the assault itself.

In assessing a claim of ineffective assistance under the PCRA, we begin our analysis with the presumption that counsel has rendered effective assistance. ***Commonwealth v. VanDivner***, 178 A.3d 108, 114 (Pa. 2018). To overcome that presumption, the convicted defendant must establish each of the following elements:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

***Id.*** "Because a petitioner's failure to satisfy any of the above-mentioned elements is dispositive of the entire claim, a court need not analyze the elements in any particular order. Failure to satisfy one element is dipositive." ***Commonwealth v. Hairston***, 249 A.3d 1046, 1062 (Pa. 2021).

In order to establish that trial counsel was ineffective for failing to call a witness at trial, the PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Medina***, 209 A.3d 992, 998 (Pa. Super. 2019) (citation omitted).

- 6 -

Mr. and Mrs. Labowski each testified at the PCRA hearing; Mr. Labowski confirmed that Appellant's truck was not operable at the time of the incident. N.T., 7/2/20, at 33-35. Mrs. Labowski stated that she drove Appellant to an auto parts store on the Thursday prior to the Saturday when the incident occurred to buy parts to be able to get his truck running; she further testified that she picked up Appellant on that Friday at his request so that he could get his four-wheeler from her garage. *Id.* at 40-41. Attorney Fairchild testified at the PCRA hearing that during her meetings with Appellant prior to trial, she wrote down the name of Mrs. Labowski as a potential witness. *Id.* at 47. However, after learning that Mrs. Labowski was not present at the time of the incident, Attorney Fairchild did not believe that her testimony was "germane" to the issues before the jury. *Id.* at 48.

The PCRA court found that Appellant was not prejudiced by Attorney Fairchild's decision to not call his aunt and uncle at trial as "their testimony had no relevance to the real issues in question," *i.e.* the nature of the confrontation between Appellant and Mr. Hill on the morning of January 14, 2017. PCRA Court Opinion, 12/1/20, at 6. "Neither were present at the time of the incident and neither would have been able to provide relevant information at the time of trial." *Id.*

The record supports the PCRA court's conclusion that Appellant did not suffer prejudice as a result of his trial counsel's decision not to call his aunt and uncle as trial witnesses and therefore this ineffective assistance claim fails. As the PCRA court found and as Attorney Fairchild confirmed during her

testimony, the testimony of the two witnesses was tangential to the issue of whether Appellant violently threatened Mr. Hill such that he could be found guilty of terroristic threats and simple assault. In addition, while both Mr. and Mrs. Labowski testified at the PCRA hearing that Appellant's truck was inoperable at the time of the incident, Mr. Hill did not testify that the loud music originated from Appellant's truck, instead only stating that Appellant had been causing a "ruckus" and "commotion" and playing "loud music" for four nights straight. N.T., 9/28/17, at 35, 41. The only testimony regarding Appellant's truck was that he had an old truck in the motel parking lot that he was fixing up, but there was no indication that the truck was running on the days prior the incident. *Id.* at 44-45, 47-48. Therefore, the absence of their testimony did not deprive Appellant of a fair trial. *Medina*, 209 A.3d at 998.

In his second appellate issue, Appellant argues that Attorney Fairchild was ineffective for not seeking to exclude the testimony of the arresting officer's entry into Appellant's motel room and his flight from the scene by filing a suppression motion or motion in limine or by objecting at trial. Pennsylvania State Police Trooper Dwight Damcott testified at trial that after he and two other troopers arrived at the Edgewood Motel on the morning of January 14, 2017, they spoke first with Mr. Hill and then tried to speak with Appellant. The following exchange then took place upon direct examination by the assistant district attorney:

> Q. What happened when you attempted to make contact with [Appellant]?

A.     He refused to open the door [to his room].

Q.     Okay.  Were you ever able to get inside?

A.     We were able to obtain a key.  And, he had snuck out the back window by that point.

Q.     Where did you end up finding him?

A.     He was in the woods, about a quarter mile down the road.

Q.     Did you take him into custody at that time?

A.     Yes, we did.

N.T., 9/28/17, at 64-65.

Appellant contends that he had a legitimate expectation of privacy over the motel room, and therefore Trooper Damcott's entry violated the Fourth Amendment unless the Commonwealth could show that Appellant consented to the search or there was probable cause to enter and exigent circumstances existed.  ***See Commonwealth v. Dean***, 940 A.2d 514, 521 (Pa. Super. 2008) ("Warrantless searches and seizures inside a . . . hotel room . . . are presumptively unreasonable unless the occupant consents or probable cause and exigent circumstances exist to justify intrusion.").  Appellant asserts that Attorney Fairchild would have prevailed in showing that the search was unconstitutional as he did not give consent and no exigent circumstances existed.  Moreover, as Trooper Damcott's testimony that Appellant "had snuck out the back window" of the motel room was derivative of the illegal entry, N.T., 9/28/17, at 65, Appellant avers that the trial court would have been required to exclude any testimony related to his flight from the scene as fruit

of the poisonous tree. *See Commonwealth v. Fulton*, 179 A.3d 475, 490 (Pa. 2018).

Appellant argues that Attorney Fairchild had no reasonable basis to not seek the suppression of testimony regarding the illegal entry and his flight from the motel as it would have only benefited Appellant to keep this evidence away from the jury. Appellant asserts that he was prejudiced by Trooper Damcott's testimony as it showed his consciousness of guilt based upon his flight, which materially contributed to the jury's guilty verdict.

In addressing this claim, the PCRA court determined that, even assuming that Appellant had shown arguable merit to the claim and that trial counsel lacked a reasonable basis for her actions, Appellant "is unable to [] establish that he was prejudiced by counsel's ineffectiveness." PCRA Court Opinion, 12/1/20, at 7.

> The victim and his wife both testified to the fact that [Appellant] was the person who aggressively confronted them with a hammer. There was never any question as to [Appellant's] identity nor to his actions. Therefore, even without the arresting officer's testimony[,] there was still a great deal of evidence and testimony that would have resulted in the same verdict as was determined at the time of trial. The [PCRA court] finds that neither trial counsel's failure to file a Motion in Limine regarding the arresting officer's testimony nor failure to object to said testimony prejudiced Defendant[.]

*Id.*

The record supports the PCRA court's conclusion that Appellant has not shown prejudice with respect to this ineffective assistance claim. The testimony of Mr. and Mrs. Hill established that, moments after Mr. Hill knocked

- 10 -

on Appellant's door to express his concerns about the noise, Appellant exited his room and approached Mr. Hill to within inches of his face while swinging a hammer and large flashlight, screaming that the only thing that could "save" Mr. Hill would be for him to call 911.  N.T., 9/28/17, at 37-39, 55-57.  There was no dispute at trial about Appellant's identity or that the confrontation occurred.  Furthermore, Trooper Damcott's testimony regarding his entry to the room was brief and did not touch upon any of the elements of the crimes of which Appellant was convicted.  Therefore, we agree with the PCRA court that Appellant has not established a reasonable probability that the jury would have returned a different verdict had Trooper Damcott not been permitted to testify about his entry into the motel room.  **VanDivner**, 178 A.3d at 114.

In his final issue, Appellant argues that the trial court erred by denying him his right of allocution at the March 19, 2019 resentencing hearing following remand from this Court where the trial court resolved the question of his credit for time served.[5]  Appellant contends that the trial court violated

_____

[5] In his appellate brief, Appellant appears to contest whether he was allowed to participate at the March 19, 2019 sentencing hearing as well as the December 1, 2017 oral argument on the Commonwealth's motion for reconsideration of sentence, at which the trial court initially modified the credit for time served downward from 286 to 9 days.  **See** Appellant's Brief at 15 ("There were two subsequent amended sentences imposed which amended the credit for time served.  The Appellant was not present for either of those.") However, his original and amended PCRA petitions solely focused on his March 19, 2019 sentencing upon remand.  **See** PCRA Petition, 5/9/19, Exhibit C-2; Amended PCRA Petition, 10/4/19, ¶19.  In any event, we note that this Court vacated the trial court's December 1, 2017 order in our earlier decision.  **See** **Fill**, 202 A.3d at 140.

- 11 -

Rule of Criminal Procedure 704(C)(1), which states: "At the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing." Pa.R.Crim.P. 704(C)(1).

We observe that, unlike Appellant's first two claims, this claim is not one of ineffective assistance of counsel, but instead Appellant merely argues that the trial court violated the criminal rules. Appellant cites no reason, either in his petition or in his appellate brief, that this issue could not have been raised in a direct appeal from the trial court's March 19, 2019 order. Therefore, this issue was waived and could not be brought under the PCRA. *See* 42 Pa.C.S. § 9543(a)(3) (petitioner must plead and prove "[t]hat the allegation of error has not been previously litigated or waived"); 42 Pa.C.S. § 9544(b) (under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); ***Commonwealth v. Wholaver***, 177 A.3d 136, 179 (Pa. 2018) (PCRA claim that could have been raised on direct appeal is waived for purposes of PCRA relief). Furthermore, while a claim involving the legality of a sentence may be raised in any timely PCRA petition, ***see Commonwealth v. McIntyre***, 232 A.3d 609, 617 (Pa. 2020), this Court has held that a claim of error relating to the right of allocution does not implicate the legality of the sentence and instead the claim must be raised at the sentencing hearing or in a post-sentence motion on pain of waiver.

- 12 -

*Commownealth v. Jacobs*, 900 A.2d 368, 372-77 (Pa. Super. 2006) (*en banc*); *accord Commonwealth v. Hardy*, 99 A.3d 577, 579-80 (Pa. Super. 2014).

Accordingly, Appellant is not entitled to relief on his final issue. We therefore affirm the PCRA court's July 2, 2020 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/9/2021