J-S26042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: GILLESPIE, BRYAN EUGENE COST CONTEMPT CASE | : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br>No. 1110 MDA 2021 |

Appeal from the Order Entered July 21, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-MD-0001794-2020

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.: **FILED: SEPTEMBER 22, 2022**

Bryan E. Gillespie appeals from the July 21, 2021 order finding him in contempt of court and sentencing him to 30 days' imprisonment, with an ability to purge by paying $500.00, following his willful and intentional failure to pay court-ordered fines and costs and his February 4, 2021 perpetration of fraud upon the court, when he falsely reported that he lived in the 600 block of Manor Street in the City of York.  For the reasons that follow, we vacate the order and remand for proceedings consistent with this judgment order.

---

[*] Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history of this case were set forth by the trial court in its December 20, 2021 opinion and need not be reiterated here. **See** trial court opinion, 12/20/21 at 2-4.

Appellant argues that "the trial court violated [his] right to counsel … by proceeding [at the July 21, 2021 contempt hearing] with no counsel present and without a waiver of counsel." Appellant's brief at 16. In support of this contention, Appellant relies on this Court's decisions in **Commonwealth v. Diaz**, 191 A.3d 850 (Pa.Super. 2018), and **Commonwealth v. Mauk**, 185 A.3d 406 (Pa. Super. 2018). Appellant's brief at 17-18.[1]

The trial court, in turn, agrees with Appellant that it erred in denying Appellant's right to counsel and concedes that its contempt order should be vacated on this basis. Specifically, the trial court first finds that it failed to conduct a proper waiver colloquy under Pa.R.Crim.P. 121(A)(2),[2] and its

---

[1] Notably, the Commonwealth has not filed a brief in this matter.

[2] Rule 121(A)(2) provides as follows:

> To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:
>
> (a)  that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
> (b)  that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

*(Footnote Continued Next Page)*

notice to Appellant reminding him of his right to counsel was inadequate. Trial court opinion, 12/20/21 at 6. The trial court further concludes that Appellant should have been afforded legal representation at the July 21, 2021 contempt hearing, pursuant to ***Diaz*** and its progeny. ***Id.*** at 7.

Following our careful review, we agree. This Court has recognized that "[t]he right to counsel extends not only to certain summary proceedings, at trial, guilty plea hearings, sentencing, but also to every critical stage of a criminal proceeding[,]" including contempt hearings. ***Commonwealth v. Fill***, 202 A.3d 133, 138 (Pa.Super. 2019) (citations and internal quotation marks omitted).

---

    (c)    that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

    (d)    that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

    (e)    that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

    (f)    that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2).

In ***Diaz***, a panel of this Court vacated an incarceration order of an indigent defendant found in civil contempt for failure to pay fines and costs. ***Diaz***, 191 A.3d at 852.  The ***Diaz*** Court held:

> an indigent defendant's right to court-appointed counsel is triggered in any proceeding in which the court finds there is a likelihood of imprisonment. Thus, we hold that upon the trial court's determination at the civil contempt hearing that there is a likelihood of imprisonment for contempt and that the defendant is indigent, **the court must appoint counsel and permit counsel to confer with and advocate on behalf of the defendant at a subsequent hearing.**

***Id.*** at 862 (footnote omitted; emphasis added).

Likewise, in ***Mauk***, this Court held that "if imprisonment is a possibility, each defendant must have a ***timely*** opportunity to consult with counsel, ***i.e.***, before he appears before the judge." ***Mauk***, 185 A.3d at 412.

Based on the foregoing, we agree with the trial court and Appellant that he should have been afforded counsel in this matter.  Accordingly, we vacate the trial court's July 21, 2021 contempt order and remand for proceedings consistent with this judgment order.[3]

Order vacated. Case remanded for further proceedings.  Jurisdiction relinquished.

---

[3] In light of our disposition, we need not address Appellant's remaining claims of trial court error.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/22/2022