J-A01020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GUILIN WANG | : | |
| | : | |
| Appellant | : | No. 1034 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 17, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-SA-0000674-2022

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED MARCH 6, 2024**

Guilin Wang appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas on March 17, 2023. After careful review, we conclude Wang's brief violates the Pennsylvania Rules of Appellate Procedure to such a degree that it impedes our review. Therefore, we dismiss this appeal.

On September 8, 2023, Officer Rutecki filed a citation for disorderly conduct against Wang. After a summary trial, Wang was found guilty and sentenced to pay a fine. Wang appealed the summary conviction to the trial court.

---

[*] Retired Senior Judge assigned to the Superior Court.

On March 17, 2023, after a *de novo* trial, the trial court found Wang guilty and sentenced him to no further penalty. This timely appeal followed.[1]

Preliminarily, after careful review, we conclude Wang's brief on appeal, consisting of just over one page of text, followed by six pages of pictures, violates the Pennsylvania Rules of Appellate Procedure. Notably, these pictures are not the same photographs that were admitted during trial. The state of Wang's brief is such that we cannot conduct a meaningful review. "When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." ***Giant Food Stores, LLC v. THF Silver***

---

[1] The trial court docket indicates the notice of appeal was filed on April 17, 2023. However, the notice of appeal transmitted to this Court has a date stamp of April 18, 2023. This Court issued a rule to show cause why the instant appeal should not be quashed as untimely filed on April 18, 2023, from the judgment of sentence imposed on March 17, 2023.

In response, Wang indicated that he timely filed the notice of appeal on April 17, 2023, as he could not file on the weekend while the court was closed. Wang attached a copy of the notice of appeal to his response, which had a timestamp of April 17, 2023.

The thirtieth day from the judgment of sentence was Sunday, April 16, 2023. ***See*** 1. Pa.C.S. § 1908 (for computations of time, if the last day of any such period shall fall on a Saturday, Sunday, or on a legal holiday, such day shall be omitted from the computation); ***Commonwealth v. Fill***, 202 A.3d 133, 138 (Pa. Super. 2019) (filing 32 days after the entry of the order was still timely due to the weekend and holiday schedule). As it appears the timestamp on the notice of appeal transmitted to this Court was an error and Wang's notice of appeal was correctly filed on April 17, 2023, this appeal is timely.

***Spring Development, L.P.***, 959 A.2d 438, 443 (Pa. Super. 2008) (citing Pa.R.A.P. 2101). Additionally,

> [w]hile this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing.

***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2006) (citations omitted).

Here, Wang's brief violates the Rules of Appellate Procedure by failing to include a statement of the court's jurisdiction, this Court's scope and standard of review, a statement of the order in question, and a summary of his argument as required by Pa.R.A.P. 2111(a). Further, Wang fails to include a statement of place of raising or preservation of issues pursuant to Pa.R.A.P. 2117(c), and utterly fails to include citation to the record or discussion of and citation to authorities. ***See*** Pa.R.A.P. 2119(a),(c); ***see also Eichman v. McKeon***, 824 A.2d 305, 319 (Pa. Super. 2003) ("The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority.") Wang's argument is undeveloped and scattershot. This Court will not act as counsel and will not develop arguments on behalf of an appellant. ***See In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012). Due to these substantial defects, we find Wang has waived his issues on appeal.

We note, even if not waived, Wang would likely not be entitled to relief. A liberal review of the claims we can discern from Wang's brief leads us to conclude that the trial court did not commit an error of law or an abuse of discretion. It appears his argument consists of two claims; that the court made its judgment based on lies told by his neighbor and the police, and that his trial counsel was ineffective. As far as his neighbor and the police telling "lies", the issue is one of credibility. This Court has no authority to overturn the trial court's credibility determinations in this matter. Our Court generally defers "to the credibility determinations of the trial court as to witnesses who appeared before it." **Raker v. Raker**, 847 A.2d 720, 724 (Pa. Super. 2004) (citation omitted). Moreover, it is well established that the finder of fact is free to believe all, part, or none of the evidence and it is within the province of the trial judge, sitting without a jury, to judge credibility of the witnesses and weigh their testimony. **See Commonwealth v. Carter**, 546 A.2d 1173, 1182 (Pa. Super. 1988). Consequently, credibility determinations are generally not subject to review. **See id**. The trial court found the neighbor and police to be credible. Therefore, such a claim would be unavailing.

As to a claim of ineffective assistance of counsel, such a claim would have to await collateral review. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013).

As we conclude Wang has waived his issues on appeal by providing this Court with a deficient appellate brief impeding our review, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/06/2024