J-S21034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILHELM CHARLES LEIMBACH | : | |
| | : | |
| Appellant | : | No. 1573 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 1, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006436-2019

BEFORE:  DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED JULY 06, 2022**

Wilhelm Charles Leimbach (Leimbach) appeals from the judgment of sentence imposed by the Court of Common Pleas of York County (trial court) after his *pro se* bench trial conviction of three counts of possession of child pornography and one count of criminal use of a communication facility. Because the trial court never conducted the on-the-record colloquy required under Pa.R.Crim.P. 121 to ensure that Leimbach knowingly, voluntarily and intelligently waived his right to counsel before going to trial, we vacate and remand.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

On July 12, 2019, police arrested Leimbach after executing a search warrant at his home and seizing several electronic devices containing suspected child pornography. After Leimbach waived his preliminary hearing, defense counsel entered her appearance and continued the case several times before scheduling a guilty plea. Before the plea, however, Leimbach filed a *pro se* motion challenging the trial court's jurisdiction by raising a version of a sovereign citizen claim. At the scheduled plea, defense counsel told the trial court that Leimbach had asked her to withdraw because she was unwilling to argue his motion. **See** N.T., 12/30/20, at 3-4. Noting that the motion derived from hybrid representation and would not be considered, the trial court put Leimbach's case back on the call of the list. **Id**. at 4.

Because counsel never moved to withdraw, Leimbach's case was in the same posture as it was before the call of the list on July 15, 2021. At that time, the Commonwealth informed the trial court that defense counsel wished to withdraw because Leimbach wanted to proceed *pro se* with his motion. After confirming this with Leimbach, the trial court allowed defense counsel to withdraw and serve as standby counsel. **See** N.T., 7/15/21, at 3.

With defense counsel now out of the case, the trial court did not conduct an on-the-record colloquy with Leimbach to ensure that he was making a knowing, voluntary and intelligent waiver of counsel. Instead, the following interchange occurred:

THE COURT: Okay. What I'll do is, I have read your motion, I'll rule upon that. And if I rule against you, then we will have the stipulated bench trial, which is the Commonwealth providing me with a series of facts. They have provided me up to this point with the affidavit of probable cause and the information which lists all the charges.

In addition to that they have advised me that there are 406 pornographic images that were found on your computer and one video. And you would have to agree to stipulate to those facts for me to make a ruling as to whether or not you are guilty or not guilty. Is that what you wish to do?

THE DEFENDANT: I was just made aware of all of that. What you just told me?

THE COURT: Yeah?

THE DEFENDANT: And this would be after the motion is heard?

THE COURT: Yes.

THE DEFENDANT: Oh, okay.

THE COURT: Okay?

THE DEFENDANT: Yes.

THE COURT: And you are satisfied to proceed that way?

THE DEFENDANT: Yes, I'm agreeing to that.

*Id*. at 4.

After denying the motion on the record, the trial court had the Commonwealth provide a thorough summary of its evidence. *Id*. at 6-12. At the end of the summary, the trial court asked Leimbach the following:

THE COURT: Sir, you understand the facts that they have alleged in this case, which is the basis for me making a determination by a stipulated bench trial?

- 3 -

THE DEFENDANT: Yes. Suspect sounds horrible.

THE COURT: Well, I am not here to sentence you yet. That's going to be – some things that will happen before now and then. At that timepoint we find what's appropriate.

But I do find you guilty of all the charges.

*Id*. at 12-13.

Having found Leimbach guilty, the trial court deferred sentencing and ordered that he be evaluated by the Sexual Offenders Assessment Board. The trial court, however, also failed to order a presentence investigation (PSI) report. When Leimbach returned for sentencing, the trial court imposed an aggregate 3½ to 7 years' imprisonment with a consecutive five years of probation.

After sentencing, appellate counsel entered his appearance and petitioned for leave to file a post-sentence motion *nunc pro tunc*. When the trial court denied that motion, counsel filed this appeal and was ordered to file a statement of errors complained of on appeal under Pa.R.A.P. 1925(b). Counsel complied, raising a single claim challenging the trial court's sentencing of Leimbach without the benefit of a PSI report. In his statement, counsel recognized that the trial court never conducted an on-the-record colloquy under Pa.R.Crim.P. 121 convicting him but did not assert this as grounds for reversing Leimbach's convictions. Instead, counsel argued (as he does on appeal) that the failure to colloquy Leimbach excuses any potential

- 4 -

waiver of his discretionary sentencing claim.[1] The trial court agreed in its Pa.R.A.P. 1925(a) opinion that this Court should remand for resentencing but did not address the claim that it failed to colloquy Leimbach about waiving his right to counsel. The Commonwealth filed a letter brief to ask this Court to simply remand for resentencing with the benefit of a PSI report.

## II.

Before addressing his sentencing claim, even though not raised, we must address whether Leimbach properly waived his right to counsel. **See Commonwealth v. Johnson**, 158 A.3d 117, 122 (Pa. Super. 2017) (stating this Court has a duty to review whether appellant properly waived his right to counsel hearing even though appellant did not assert the issue on appeal); **see also Commonwealth v. Murphy**, 214 A.3d 675, 679 (Pa. Super. 2019) (reviewing whether appellant waived his right to counsel at a violation of probation hearing *sua sponte*).

The Sixth Amendment to the Federal Constitution states: "In all criminal prosecutions, the accused shall enjoy ... the Assistance of Counsel for his defense." U.S. Const. amend. VI. Article I, Section 9 of the Pennsylvania Constitution states: "In all criminal prosecutions the accused hath a right to

---

[1] **See Commonwealth v. Tejada**, 161 A.3d 313, 320 (Pa. Super. 2017) (claim that trial court sentenced defendant without the benefit of a PSI report implicates the discretionary aspects of sentencing and is not automatically reviewable as of right).

be heard by himself and his counsel...." Pa. Const. Art. I, § 9. *See Commonwealth v. McAleer*, 748 A.2d 670, 673 (Pa. 2000). "The right to counsel extends not only to certain summary proceedings, at trial, guilty plea hearings, sentencing, but also to every critical stage of a criminal proceeding." *Commonwealth v. Fill*, 202 A.3d 133, 138 (Pa. Super. 2019) (citations omitted).

> It is the responsibility of the trial court to ensure that a colloquy is performed if the defendant has invoked his right to self-representation. *See Commonwealth v. Davido*, 582 Pa. 52, 868 A.2d 431, 437-38 (2005). "Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution. Deprivation of these rights can never be harmless." *Commonwealth v. Payson*, 723 A.2d 695, 700 (Pa. Super. 1999) (citations omitted). "Courts indulge every reasonable presumption against waiver of fundamental constitutional rights and that we do not presume acquiescence in the loss of fundamental rights. A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (footnotes and citations omitted).

*Johnson*, *supra* at 121.

To ensure that a waiver is knowing, voluntary and intelligent, the trial court must conduct a "probing colloquy" to ensure that the defendant is aware of both the right to counsel and the significance and consequences of waiving that right. *See Commonwealth v. Starr*, 664 A.2d 1326, 1335 (Pa. 1995). Pennsylvania Rule of Criminal Procedure 121 sets forth the procedure that a trial court must follow to determine whether a defendant is making a knowing,

voluntary and intelligent waiver of counsel. Pa.R.Crim.P. 121 instructs as follows:

**(A) Generally.**

(1) The defendant may waive the right to be represented by counsel.

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

 (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

 (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

 (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

 (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

 (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

 (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

* * *

**(C) Proceedings Before a Judge.** When the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary, and intelligent waiver of counsel.

After review, there is nothing in the record showing that Leimbach waived his right to counsel on the record under Pa.R.Crim.P. 121(C) before his bench trial, which, as shown above, was in no real sense a trial. The trial court was made aware at the scheduled guilty plea hearing that Leimbach wanted counsel to withdraw so he could pursue his *pro se* motion. At that time, the trial court took no further action, opting instead to have the matter placed back on the call of the list.

When the case returned for the call of the list, the trial court was again told that Leimbach still wanted to pursue his *pro se* motion that defense counsel would not argue.[2] Regardless of how misguided Leimbach's decision was at that juncture to pursue his baseless motion, the trial court was still obligated to comply with Pa.R.Crim.P. 121 and ensure that he was making a knowing, voluntary and intelligent waiver of his right to counsel before allowing his counsel to withdraw. At that point, before allowing Leimbach to

_____

[2] So-called sovereign citizens claim they are "not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011). We note that this Court has often recognized that sovereign citizen claims as being frivolous. *See Commonwealth v. McGarry*, 172 A.3d 60, 65-66 (Pa. Super. 2017).

proceed *pro se*, the trial court should have informed Leimbach (a) about his right to counsel; (b) the nature of his charges and their elements; (c) the permissible range of sentences; (d) that he would still be bound by the rules of procedure; (e) possible defenses to the charges that could be permanently waived if not raised; and (f) other rights that could be waived if not raised. *See* Pa.R.Crim.P. 121(A)(2)(a)-(f).

As shown above, the trial court's procedure fell well short of Pa.R.Crim.P. 121 and the need to hold an on-the-record colloquy before allowing a defendant to be convicted at a bench trial based on facts to which, we note, Leimbach never affirmatively stipulated. Because the trial court never conducted such a colloquy, we must vacate Leimbach's convictions and remand for further proceedings. *See Johnson*, *supra* at 123; *see also Commonwealth v. Eakin*, 242 A.3d 387 (Pa. Super. November 2, 2020) (unpublished memorandum) (reversing convictions *sua sponte* because trial court failed to conduct an on-the-record colloquy before defendant proceeded pro se at his suppression hearing).[3]

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

---

[3] Under Pa.R.A.P. 126(b), we may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/06/2022