J-S11037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SANTOS D. TORRES-OLAN | : | |
| | : | |
| Appellant | : | No. 1161 WDA 2021 |

Appeal from the PCRA Order Entered August 25, 2021
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001888-2015

BEFORE: PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED: DECEMBER 1, 2022**

Santos D. Torres-Olan ("Torres-Olan") appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Additionally, Torres-Olan's counsel ("Counsel") has filed a petition to withdraw from representation and a "no-merit" brief pursuant **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[2] We affirm and grant Counsel's petition to withdraw.

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] Counsel seeks to withdraw under **Anders v. California**, 386 U.S. 738 (1967), which applies in direct appeals, not PCRA appeals. "Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a **Turner**/**Finley** 'no-merit letter' is the appropriate filing. However, because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter." **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014) (some quotation marks and brackets omitted).

We summarize the factual and procedural history of this matter from the record. On April 13, 2015, the Erie County Department of Public Safety received a 911 call and issued a dispatch that "a Hispanic male . . . pointed a gun at a female's face, and then he pointed [the gun] down to the ground and shot at her feet." *See* N.T. Trial Day 1, 2/12/16, at 44-45, 51. The dispatch described the man's clothing and indicated that he was walking on 18th Street away from the scene. *See id*. at 52. Police officers responded within twenty seconds of the dispatch and saw Torres-Olan, who matched the description in the dispatch, and ordered him to stop. *See id*. at 52-53. Torres-Olan continued walking away from the officers, pulled an object out of his waistband, and dropped it to his side. *See id*. at 53-54. The officers again ordered Torres-Olan to stop; he turned around to face the officers, stated that he did not do anything, and then complied with the officers' commands to lie on the ground. *See id*. at 54-55. When the officers picked him up off the ground, they discovered a pistol underneath him. *See id*. at 56. Torres-Olan told the officers, "I should have shot you both." *See id*.

Further investigations revealed that the pistol had a live round in the chamber, the ammunition in the pistol matched a shell casing recovered from the scene of the reported shooting, the pistol's serial number had been "drilled" or "obliterated," and Torres-Olan was not licensed to carry a firearm. *See id*. at 85-86, 89, 105. The Commonwealth charged Torres-Olan with two counts of terroristic threats and one count each of firearms not to be carried

without a license and possession of a firearm with an altered manufacturer's number,[3] among other offenses.

Nicole Sloane, Esquire ("Attorney Sloane"), of the Public Defender's Office, began representing Torres-Olan shortly after he was charged, and the case was held over to the court of common pleas in July 2015. Torres-Olan then attempted to file *pro se* documents with the trial court, including requests for discovery, letters to Attorney Sloane, and motions to dismiss the charges. In September 2015, Attorney Sloane filed a petition for leave to withdraw as counsel asserting that Torres-Olan "forfeited" his right to counsel due to his abusive and uncooperative conduct. **See** Petition for Leave to Withdraw as Counsel, 9/10/15, at 2 (unnumbered). The trial court held a hearing on Attorney Sloane's petition to withdraw, found that Torres-Olan forfeited his right to appointed counsel, and, following a brief colloquy, concluded that his decision to waive his right to counsel was knowing and voluntary. **See** N.T. Leave to Withdraw as Counsel Hearing, 9/28/15, at 5-6; **see also** Order, 9/28/15. Subsequently, at Torres-Olan's request, the trial court appointed Garrett Taylor, Esquire, as standby counsel ("standby counsel").

_____

[3] **See** 18 Pa.C.S.A. §§ 2706(a)(3), 6106(a)(1), 6110.2(a). We note that the terroristic threats charges were related to Torres-Olan's statement to the responding officers that he should have shot them. With respect to the initial shooting reported in the 911 call, the Commonwealth charged Torres-Olan with recklessly endangering another person ("REAP"), **see** 18 Pa.C.S.A. § 2705.

Torres-Olan proceeded to a jury trial with standby counsel. The Commonwealth, without objection, played a recording of the 911 call that initiated the police response.[4] **See** N.T. Trial Day 1, 2/12/16, at 45. The Commonwealth also called the officers who responded to the call and investigated the incident. The jury found Torres-Olan guilty of two counts of terroristic threats and one count each of firearms not to be carried without a license and possession of a firearm with an altered manufacturer's number.[5] Torres-Olan filed post-trial motions for judgments of acquittal and a new trial, which the trial court denied. The trial court imposed consecutive sentences totaling 115 to 230 months of imprisonment. Torres-Olan filed a post-sentence motion to modify the sentence, which the trial court denied.

Following lengthy procedures not relevant to the present appeal, Torres-Olan had his direct appeal rights reinstated, and he appealed the judgment of sentence with William Hathaway, Esquire ("Attorney Hathaway") as his appointed counsel. **See Commonwealth v. Torres-Olan**, 225 A.3d 1200, 2019 WL 7372801, at *2 (Pa. Super. 2019) (unpublished memorandum), *appeal denied*, 237 A.3d 385 (Pa. 2020). This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal.

---

[4] The 911 caller did not testify at trial.

[5] The trial court entered a judgment of acquittal on the REAP charge related to the 911 caller.

Torres-Olan timely filed the instant *pro se* PCRA petition challenging, in part, the adequacy of the trial court's colloquy when granting Attorney Sloane leave to withdraw and permitting him to proceed *pro se*. The PCRA court appointed new counsel ("prior PCRA counsel"), who filed a petition to withdraw because he believed Torres-Olan's claims were meritless.[6] Despite prior PCRA counsel's petition to withdraw, the PCRA court held a hearing on April 29, 2021, limited to the issues of the adequacy of the trial court's waiver of counsel colloquy and Attorney Hathaway's failure to raise the claim in the direct appeal. **See** N.T. PCRA Hearing, 4/29/21, at 5-6. Torres-Olan, who was represented by prior PCRA counsel, testified at the hearing, as did Attorneys Sloane and Hathaway. The court denied Torres-Olan's PCRA petition on August 25, 2021, but did not grant prior PCRA counsel leave to withdraw.[7]

Torres-Olan timely filed a *pro se* notice of appeal. Prior PCRA counsel took no action as to the appeal, and for reasons not apparent in the record, Counsel filed a Pa.R.A.P. 1925(b) statement on Torres-Olan's behalf. The PCRA court filed a statement in lieu of a Rule 1925(a) opinion adopting its August 25, 2021, order and opinion denying relief. Counsel filed a "no-merit" brief and a petition to withdraw, which this Court denied because Counsel had

---

[6] Prior PCRA counsel's **Turner**/**Finley** letter is not included in the record.

[7] Torres-Olan attempted to submit additional *pro se* arguments with the PCRA court after the hearing, but the court did not consider them because prior PCRA counsel was still representing him. **See** PCRA Court Opinion, 8/25/21, at 7 n.3.

not ordered or reviewed the April 29, 2021, PCRA hearing transcript. *See Commonwealth v. Torres-Olan*, 2022 WL 2282715, at \*2 (Pa. Super. June 23, 2022) (unpublished memorandum). We directed Counsel to order a transcript of the PCRA evidentiary hearing, supplement the record with the transcript, and file an advocate's brief or an amended "no-merit" brief following her further review. *See id*. Counsel has complied with our prior directives and filed a new petition to withdraw and "no-merit brief."

When presented with a "no-merit" brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *See Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa. Super. 2019). A *Turner*/*Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the appellant wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the appellant's issues are meritless. *See id*. Counsel must send a copy of the brief to the appellant, along with a copy of the petition to withdraw, and inform the appellant of the right to proceed *pro se* or to retain new counsel. *See id*. If the brief meets these requirements, this Court will conduct an independent review of the issues. *See id*.

Our review of the petition to withdraw and "no-merit" brief reveals that Counsel substantially complied with *Turner*/*Finley*'s procedural requirements by detailing her review of the case, listing the issue Torres-Olan wished to raise, and explaining why she believed this appeal to be frivolous. *See Knecht*, 219 A.3d at 691; *see also* Petition for Leave to Withdraw as Counsel,

- 6 -

8/22/22, at 1-2; "No-Merit" Brief at 6-7, 9, 10-11. Counsel has also attached

to her petition to withdraw a letter to Torres-Olan advising him of his right to

proceed *pro se* or with private counsel and stating that she provided him with

a copy of her petition and brief. ***See*** Petition for Leave to Withdraw as

Counsel, 8/22/22, at 2 and Attachment. Therefore, we will conduct an

independent review of the issues.

> Counsel identifies the following issues for review:
>
> Did the court in this case err in failing to ensure that [Torres-Olan] received a proper colloquy prior to [Attorney Sloane] withdrawing from the case, and thus violating his right to counsel?
>
> Did the court err in ruling that [Torres-Olan's] right to confront his accuser was not violated when a 911 recording was introduced at trial without [Torres-Olan] being able to cross-examine and/or confront the "accusers" in the recording?
>
> Did the court err in ruling that appellate trial counsel was effective when trial counsel failed to raise arguments on appeal regarding the weight and sufficiency of the evidence and the issue regarding the 911 tape?

"No-Merit" Brief at 2.[8]

The scope and standard of reviewing the denial of PCRA relief are well

settled:

> [O]ur scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

---

[8] Torres-Olan has not responded to Counsel's petitions to withdraw, nor has he filed a brief in this appeal either *pro se* or with new counsel.

***Commonwealth v. Isaac***, 205 A.3d 358, 362 (Pa. Super. 2019) (internal

citation omitted).

Further, to prevail on a claim of ineffective assistance of counsel, the

PCRA petitioner must rebut the presumption that counsel was effective by

demonstrating:

> (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance.

***Commonwealth v. Pou***, 201 A.3d 735, 738-39 (Pa. Super. 2018) (internal

citation omitted).  "The failure to satisfy any one of the prongs will cause the

entire claim to fail." ***Id***. (internal citation omitted).

The first issue identified by Counsel pertains to the trial court's waiver

of counsel colloquy.  As noted above, Attorney Sloane began representing

Torres-Olan as his public defender in April 2015, shortly after he was charged.

After his preliminary hearing and the matter being held over to the court of

common pleas, Torres-Olan began sending the trial court *pro se* motions and

copies of his letters to Attorney Sloane.  In his letters, he disparaged the

quality of Attorney Sloane's representation and requested that she withdraw

from his case.[9]  In September 2015, Attorney Sloane filed a withdrawal

---

[9] Specifically, as noted by the PCRA court, at least one of Torres-Olan's letters to Attorney Sloane made clear that he did not want to be represented by her, asked her to withdraw, asserted her incompetence, alleged that she was trying to sabotage his case, challenged her professional ethics, and asked her "what

petition on her own behalf and for the Public Defender's Office. At the hearing on her petition, Attorney Sloane recited Torres-Olan's written remarks and indicated that he did not wish to proceed with her as his counsel. *See* N.T. Leave to Withdraw as Counsel Hearing, 9/28/15, at 2-3.[10] Torres-Olan admitted to making the disparaging remarks. *See id*. at 3-4. When the trial court informed him that Attorney Sloane was not his "servant" and could refuse, based on the facts and law, to file his requested motions, Torres-Olan stated he understood but argued that Attorney Sloane improperly rejected his demands at the preliminary hearing to sequester witnesses and to have a stenographer present. *See id*. at 4-5. The trial court and Torres-Olan then had the following exchange:

> THE COURT: Well, here's where we're at . . . you're entitled to have counsel represent you. And if you don't believe your counsel is acting in your best interests, then you can fire her. But I will tell you this, I see nothing in this record[] that would support that. And if you decide you don't want representation by the public defender's office, then you will forfeit your right to have appointed counsel, because I see no reason for your action. So that would mean that your choices are, you can go on and represent yourself or you can [hire] a lawyer. That's entirely up to you. Do you understand that?

_____

cereal box did you get your law degree from?" *See* PCRA Court Opinion, 8/25/21, at 11. The record reveals that Torres-Olan attempted to file six sets of *pro se* documents with the trial court before Attorney Sloane petitioned to withdraw. Attorney Sloane testified that Torres-Olan sent her a total of thirteen letters, and the PCRA court credited that testimony. *See id*. at 10; N.T. PCRA Hearing, 4/29/21, at 35.

[10] The face sheet of the transcript of the September 28, 2015, hearing refers to the year of the hearing as 2018; however, it is clear from the record that the hearing occurred in 2015.

MR. TORRES-OLAN: Yes, sir.

THE COURT: So what would you like to do?

MR. TORRES-OLAN: I would like to represent myself, Your Honor.

THE COURT: All right. Is that a knowing and voluntary decision on your part?

MR. TORRES-OLAN: Yes.

N.T., 9/28/15, at 5-6.

Relevant to the present appeal, Torres-Olan's intended issue focuses on the failure of the trial court to conduct a complete colloquy pursuant to Pa.R.Crim.P. 121(A)(2) before allowing Attorney Sloane to withdraw and requiring him to proceed *pro se*.[11] Counsel concludes the issue is frivolous because Torres-Olan "not only waived his right to counsel by stating that he represented himself [sic] but also forfeited his right to counsel by his misconduct, which by law did not require a full colloquy by the [trial c]ourt." **See** "No-Merit" Brief at 7.

_____

[11] Rule 121(A)(2) requires the trial court to ensure that a defendant's waiver of the right to counsel is knowing, voluntary, and intelligent. **See** Pa.R.Crim.P. 121(A)(2). At the PCRA evidentiary hearing, Torres-Olan testified that the trial court did not inform him of the factors under Rule 121(A)(2)(b), (c), (e), and (f), which require the trial court to ensure that the defendant: (b) "understands the nature of the charges against [him] and the elements of each of those charges;" (c) "is aware of the permissible range of sentences and/or fines for the offenses charged;" (e) "understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently;" and (f) " understands that, in addition to defenses, [he] has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently." **Id**.

- 10 -

It is well settled that a criminal defendant's right to counsel is not absolute. **See Commonwealth v. Fill**, 202 A.3d 133, 140 (Pa. Super. 2019). A defendant may waive or forfeit the right to counsel. Waiver requires an intentional and voluntary relinquishment of the right to counsel. **See Commonwealth v. Staton**, 120 A.3d 277, 286 (Pa. 2015) (internal citation and quotation marks omitted). When a defendant waives the right to counsel, Rule 121 requires a thorough colloquy to ensure the defendant's waiver is knowing, intelligent, and voluntary. **See** Pa.R.Crim.P. 121(A)(2); **Commonwealth v. Phillips**, 93 A.3d 847, 853 (Pa. Super. 2014) (noting, in a direct appeal, that this Court must first determine whether the trial court has met the minimum requirements of Rule 121).

The forfeiture of the right to counsel is distinct from waiver and applies when a defendant engages in "extremely serious misconduct" or "extremely dilatory conduct." **See Staton**, 120 A.3d at 286 (internal citation and quotations omitted). When a defendant forfeits the right to counsel, a court need not engage in a Rule 121 colloquy. **See id**. The question of whether a defendant forfeited the right to counsel is a question of law, over which our standard of review is *de novo* and our scope of review is plenary. **See Fill**, 202 A.3d at 139.

The PCRA court concluded that Attorney Hathaway, Torres-Olan's direct appeal counsel, was not ineffective for failing to raise the issue of a defective colloquy because the trial court properly found that Torres-Olan forfeited his right to counsel and there was no need for a Rule 121 colloquy. **See** PCRA

Court Opinion, 8/25/21, at 12. The PCRA court reasoned that Torres-Olan forfeited his right to counsel by writing thirteen letters "routinely question[ing] Attorney Sloane's intelligence, ability, professionalism, and integrity," filing some of the letters in the trial court, and seeking to dictate her actions even after she informed him that his requested motions were frivolous. **See id**. at 10-12. While we agree that Torres-Olan's claim does not merit relief, we do so for different reasons. **See Pou**, 201 A.3d at 740 ("[W]e may affirm the decision of the PCRA court if there is any basis on the record . . . this is so even if we rely on a different basis in our decision to affirm" (citation omitted)).

At the outset, we disagree with Counsel's and the PCRA court's reasoning that Torres-Olan forfeited his right to counsel. The forfeiture of the right to counsel involves a defendant's "extreme" misconduct. **See Staton**, 120 A.3d at 286. Forfeiture has been found when the defendant engaged in physically abusive, threatening, or dilatory conduct. **See Commonwealth v. Lucarelli**, 971 A.2d 1173, 1180 (Pa. 2009) (discussing cases and describing Lucarelli's extremely dilatory conduct before trial); **see also Staton**, 120 A.3d at 286 (holding that Staton's "fierce physical assault of his counsel in the presence of the court" established forfeiture of the right to counsel); **Commonwealth v. Kelly**, 5 A.3d 370, 381 (Pa. Super. 2010) (concluding that Kelly forfeited his right to counsel by refusing to cooperate with **three** previously appointed counsel and, despite the trial court's warning that his failure to cooperate would require him to proceed *pro se*, attempting to

postpone trial by requesting new counsel rather than cooperating with appointed counsel).

Our review of the record establishes that Torres-Olan was disparaging and abusive toward Attorney Sloane and attempted to file *pro se* motions against her advice. However, as harsh, numerous, persistent, and misplaced Torres-Olan's complaints about Attorney Sloane were, his conduct occurred in the first three months of his criminal case being held over to the court of common pleas. Attorney Sloane, Torres-Olan's first and only counsel before trial, petitioned to withdraw herself and the entire Public Defender's Office. The record during this time reveals no indications in the record that Torres-Olan was attempting to engage in delay or gamesmanship with respect to the trial that occurred five months later in February 2016. Moreover, the record contains no indications that Torres-Olan had the means to retain private counsel. We are mindful that Torres-Olan had no right to choose his appointed counsel, *see **Commonwealth v. Patterson***, 931 A.2d 710, 715 (Pa. Super. 2007), but we conclude that Torres-Olan's behavior was not so "extreme" as to forfeit his right to trial counsel as a matter of law.[12]

---

[12] Although we conclude that Torres-Olan's conduct was not so extreme as to constitute a forfeiture of his right to counsel, we do not condone his treatment of Attorney Sloane. Attorney Sloane acted well within her rights to file a petition to withdraw due to Torres-Olan's insistence that she withdraw and Torres-Olan's letters indicating, as Attorney Sloane noted, that "he did not want to assist [her] in his representation, he only wanted to abuse and insult [her]." *See* N.T. PCRA Hearing, 4/29/21, at 31.

- 13 -

Our conclusion that Torres-Olan did not forfeit his right to counsel does not end our review, however, as the PCRA requires a higher burden for challenging a defective waiver of counsel colloquy than a direct appeal. ***See Pou,*** 201 A.3d at 746 (discussing the more stringent standards applicable to **PCRA** claims alleging a defective waiver of counsel colloquy than a ***direct appeal*** claim). In a ***direct*** appeal, this Court will require strict compliance with Rule 121 and must first consider whether a colloquy complied with Rule 121 before considering whether the defendant knowingly, intelligently, and voluntarily waived the right to trial counsel. ***See Phillips***, 93 A.3d at 853; ***see also Pou***, 201 A.3d at 747.[13] Once a conviction becomes final, however, a **PCRA** petitioner has a heightened burden of proof. He must plead and prove that an issue (1) is not waived under the PCRA, ***see*** 42 Pa.C.S.A. § 9544(b) (stating that "an issue is waived if the petitioner could have raised it but failed to do so . . . on appeal . . ."), and (2) establishes a constitutional or structural error meriting a new trial. ***See Commonwealth v. Isaac***, 205 A.3d 358, 367 (Pa. Super. 2019).[14]

_____

[13] Moreover, a defendant's failure to object to the adequacy of the colloquy will not result in waiver in a direct appeal. ***See Commonwealth v. Davido***, 868 A.2d 431, 437-38 (Pa. 2005).

[14] Although there is no indication that Torres-Olan attempted to frame his defective colloquy claim based on the ineffectiveness of Attorney Hathaway, his direct appeal counsel, we decline to find waiver on that basis. The PCRA court held the hearing to consider adequacy of the trial court's colloquy and Attorney Hathaway's failure to raise the issue in the direct appeal. ***See*** N.T. PCRA Hearing, 4/29/21, at 6. Further, at the PCRA evidentiary hearing,

Thus, in the context of the PCRA, it is not sufficient for a PCRA petitioner to rely on cases addressing a defective colloquy as if on direct appeal. *See id*. Further, a PCRA petitioner cannot rely on the fact that a court would have awarded a new trial if a defective colloquy claim had been raised on direct appeal. *See Pou*, 201 A.3d at 746 (noting that a claim that may have warranted a new trial in a direct appeal does not require a new trial in a PCRA proceeding). Rather, in a *PCRA* appeal, "the prophylactic purpose of ensuring strict compliance with Rule 121 dissipates to a great degree . . . [where] finality considerations justify applying a higher standard of prejudice than what would have applied on direct review." *Id*. at 747. As our Supreme Court noted, a "waiver colloquy is a procedural device; it is not a constitutional end or a constitutional 'right'" in itself. *Commonwealth v. Mallory*, 941 A.2d 686, 697 (Pa. 2008) (noting, in a PCRA appeal, that the absence of an on-the-record colloquy concerning the fundamentals of a constitutional right, such as a trial by jury, "does not prove, in an absolute sense, that a defendant failed to understand the right he waived"). Thus, a PCRA petitioner bears the burden of establishing more than a technical defect in the trial court's colloquy under Rule 121. *See Isaac*, 205 A.3d at 367.

---

Torres-Olan testified—and Attorney Hathaway confirmed—that he asked Attorney Hathaway to raise the issue of the absence of a waiver of counsel colloquy on direct appeal, but that Attorney Hathaway did not raise the issue. *See id*. at 9, 46.

- 15 -

The record in the appeal before us details Torres-Olan's repeated questioning of the competence and integrity of Attorney Sloane, his public defender, before trial. *See* Case Correspondence, 8/3/15 and 8/28/15. As noted above, he specifically requested that Attorney Sloane withdraw and, on at least one occasion before she petitioned to withdraw, stated that he would proceed *pro se*. *See* Case Correspondence, 8/28/15. At the hearing on Attorney Sloane's petition to withdraw, the trial court found no cause for Torres-Olan's complaints. *See* N.T. Leave to Withdraw as Counsel Hearing, 9/28/15, at 5-6. The trial court informed Torres-Olan that because he was acting without cause, it would deem his right to counsel "forfeit," such that his options were to proceed with Attorney Sloane, *pro se*, or with new counsel. *See id*. at 6. When asked how he would proceed, Torres-Olan stated, "I would like to represent myself" and affirmed that his decision was knowing and voluntary. *See id*.

Later, Torres-Olan, recognizing that he may be unable to preserve objections and issues in a timely manner, requested standby counsel, *see* Request for Standby Counsel, 10/2/15 at 2 (unnumbered), which the trial court granted; but at no point before the conclusion of trial, did Torres-Olan specifically request the appointment of new trial counsel. At the PCRA evidentiary hearing, Torres-Olan reiterated that the trial court's colloquy was inadequate under Rule 121. *See* N.T. PCRA Hearing, 4/29/21, at 9-10 (asserting that he did not receive a full colloquy and that the trial court did not ask every question required by Rule 121). He explained that after his

independent research, he discovered he did not receive a complete waiver of counsel colloquy as required Rule 121. **See id**. at 18-19, 25-26. He asserted that he was not aware of the elements of the offenses or his possible sentencing exposure, areas that would have been included in a full Rule 121 colloquy. **See id**. at 25-26; **see also** Pa.R.Crim.P. 121(A)(2)(b), (c). Torres-Olan acknowledged that he did not want to proceed with Attorney Sloane but asserted that he did not ask to proceed *pro se* when Attorney Sloane requested to withdraw; instead, he testified that he felt compelled to proceed *pro se* because the only options the trial court gave were proceeding with Attorney Sloane, *pro se*, or with privately-retained counsel. **See** N.T. PCRA Hearing, 4/29/21 at 12-14.

Our independent review compels the conclusion that Torres-Olan's intended claim does not meet the stringent standard for relief under the PCRA. Similar to the PCRA appellants in **Pou** and **Isaac**, Torres-Olan focused his pleadings and testimony on the technical deficiencies of the colloquy under Rule 121(A)(2). However, as **Isaac** and **Pou** instruct, Torres-Olan was required to show more, and he neither alleged or proved a structural error, *i.e.*, that the trial court denied a request for new counsel, nor did he establish a constitutional violation, *i.e.*, that the colloquy was so deficient under the totality of the circumstances that he could not have properly waived his right to counsel. **See Isaac**, 205 A.3d at 367; **Pou**, 201 A.3d at 745-46. For these

reasons, we conclude that Torres-Olan's underlying assertion that the trial court's waiver of counsel colloquy was inadequate merits no relief.[15]

In the next issue identified by Counsel, Torres-Olan asserts that the trial court erred in allowing the Commonwealth to play a recording of the 911 call that initiated the police response.[16] The PCRA court dismissed this claim because Torres-Olan did not object to the admission of the 911 call and could not seek relief by claiming his own ineffectiveness when representing himself *pro se*. **See** PCRA Court Opinion, 8/25/21, at 12-13.

It is well settled that to preserve an issue for direct appeal, a defendant must raise it in the trial court. **See** Pa.R.E. 103(a)(1) (stating that a party may claim error in a ruling to admit evidence only by making a timely objection or moving *in limine* and by stating the specific ground for excluding the

---

[15] We add that nothing in the record would support a finding that Torres-Olan's decision to proceed *pro se* without Attorney Sloane as his counsel was unknowing, involuntary, or unintelligent under the totality of the circumstances. **See Commonwealth v. Spotz**, 18 A.3d 244, 270 (Pa. 2011); **see also Mallory**, 941 A.2d at 698. Here, given its view that Torres-Olan's complaints against Attorney Sloane were unfounded, the trial court offered Torres-Olan a choice of proceeding with or without Attorney Sloane, and Torres-Olan, who had prior experiences with the criminal justice system, elected to proceed on his own. Our review of his *pro se* filings, furthermore, confirms that he was a relatively sophisticated defendant who was aware of the consequences of his decision to proceed without counsel, when, for example, he requested standby counsel to assist in preserving objections in a timely manner.

[16] Counsel addressed this issue as a direct appeal matter and concluded that no relief was due because the 911 recording was admissible as an excited utterance. However, because this issue was raised in the context of the PCRA we decline to consider the merits of her reasoning.

evidence); *see also* Pa.R.A.P. 302(a); *Commonwealth v. Holt*, 273 A.3d 514, 544 and n.21 (Pa. 2022). Further, a PCRA petitioner cannot allege his own ineffectiveness for failing to preserve a claim as a basis for relief. *See Spotz*, 18 A.3d at 270 (noting that when a defendant knowingly, voluntarily, and intelligently has chosen to exercise his right to self-representation, a court will not consider any ineffective assistance claims that arose from the period of self-representation).

The record supports the PCRA court's finding that Torres-Olan was representing himself after a knowing, intelligent, and voluntary waiver of his right to counsel and did not challenge the admissibility of the 911 recording in a motion *in limine* or at trial. Therefore, we conclude that the PCRA court properly dismissed this claim because Torres-Olan cannot seek review of an issue that he waived in the trial court by his own ineffectiveness.[17] *See Spotz*, 18 A.3d at 270.

In the third issue discussed by Counsel, Torres-Olan asserts that his convictions were improper because there was no fingerprints or DNA evidence linking him to the pistol found underneath him after police detained him. Counsel asserts that Torres-Olan intends to raise a challenge to the sufficiency and weight of the evidence, but that his challenges lack merit because Torres-Olan failed to preserve a weight of the evidence claim when acting *pro se* and

---

[17] We add that because Torres-Olan was not convicted of any of the offenses related to the incident described in the 911 recording, that is, pointing a gun at and shooting by the feet of the complainant, there was no actual prejudice resulted from the admission of the recording.

- 19 -

his sufficiency claim was previously litigated in his direct appeal. The PCRA court addressed Torres-Olan's claims as an issue challenging Attorney Hathaway's effectiveness as direct appeal counsel and found the underlying issues meritless, previously litigated, or waived. **See** PCRA Court Opinion, 8/25/21, at 13-14.

The record supports Counsel's and the PCRA court's analyses. In Torres-Olan's direct appeal, he attempted to raise similar assertions that forensic evidence was required to sustain his convictions for possessing the firearm. **See Torres-Olan**, 2019 WL 7372801, at *3. This Court found Torres-Olan's sufficiency of the evidence argument waived due to the lack of a developed legal argument, but we further noted that his reliance on the absence of forensic evidence linking him to the gun went to the weight of the evidence, not the sufficiency of the evidence. **See id**. (citing **Commonwealth v. Hewitt**, 189 A.3d 1004, 1009 (Pa. Super. 2018), to conclude that the Commonwealth could establish possession of the firearm by circumstantial evidence and was not required to present forensic evidence). Lastly, this Court concluded that no relief was due on a weight of the evidence claim because Torres-Olan failed to raise a weight of the evidence challenge in the trial court. **See id**.

We agree with Counsel and the PCRA court that Torres-Olan's challenges to the sufficiency of the evidence have been previously litigated to the extent the absence of forensic evidence did not state a sufficiency claim and went to the weight of the evidence. **See id.**; **see also Commonwealth v. Reed**,

- 20 -

971 A.2d 1216, 1220 (Pa. 2009) (noting that when an appellate court finds an issue waived but also explains why the claim would lack merit, the merits analysis will constitute the law of the case). Further, because Torres-Olan was representing himself during the post-trial and post-sentence proceedings, he could not allege his own ineffectiveness for failing to preserve a weight of the evidence claim in anticipation of his direct appeal. ***See Spotz***, 18 A.3d at 270.

In sum, our independent review reveals no meritorious issues in this appeal, and we affirm the court's order denying Torres-Olan's PCRA petition and grant Counsel leave to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/1/2022