J-S30044-24

2024 PA Super 248

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :             PENNSYLVANIA
                                             :
                  v.                      :
                                           :
                                         :
NOLAN DEVINE                     :
                                         :
                 Appellant      :     No. 30 MDA 2024

Appeal from the Judgment of Sentence Entered November 14, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000180-2023

BEFORE: PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:           **FILED: OCTOBER 29, 2024**

Nolan Devine appeals[1] from the November 14, 2023 aggregate judgment of sentence of 48 to 96 months' imprisonment imposed after he pled guilty to driving under the influence of alcohol or controlled substance ("DUI") and homicide by vehicle while DUI.[2] Appellant also received credit for time-served for the time he spent in two court-ordered inpatient treatment

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Although Appellant purports to appeal the order denying his post-sentence motion, we note that "[i]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (**en banc**), **appeal denied**, 800 A.2d 932 (Pa. 2002). The docket has been corrected accordingly.

[2] 75 Pa.C.S.A. §§ 3735(a)(1)(i) and 3802(d)(1)(i), respectively.

facilities, but did not receive credit for his stay at Serenity Lodge, a "sober living" facility. After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts and procedural history of this case as follows:

> Initially [Appellant] was arrested on August 17, 2022, for aggravated assault by vehicle[,] recklessly endangering another person[,] and various traffic citations. This arrest stemmed from a motor vehicle accident in the 900 block of Springbrook Avenue in Moosic, Pennsylvania. [Appellant's] car collided with the victim's vehicle head on while he was attempting to illegally pass another vehicle.
>
> When the police arrived, the victim, John Errigo, was unconscious and still inside his vehicle. The responding officer, Officer Giehl of the Moosic Police Department, wrote that he was unable to speak with Errigo due to his medical condition. Both [Appellant] and Errigo were transported to Geisinger CMC by EMS.
>
> Officer Giehl spoke with several witnesses to the accident. The witnesses stated [Appellant's] vehicle was traveling at a high rate of speed and was seen weaving through traffic before colliding head on with Mr. Errigo's vehicle. The police department then obtained various business surveillance footage from the scene of the accident including footage from just prior to the accident. The footage revealed that [Appellant] almost hit several other vehicles. During police interviews, [Appellant] seemed disoriented, and his speech was lethargic and slow.
>
> Three days later, on August 20, 2022, Mr. Errigo died as a result of the injuries he sustained. Meanwhile, the officers obtained a search warrant for the blood samples of [Appellant]. The blood analysis revealed that [Appellant] had methamphetamine and amphetamine in his system.

On October 21, 2022, the original charges were withdrawn. [Appellant] was then charged with homicide by motor vehicle while DUI and related offenses. The process of withdrawing the original charges and the filing of new charges resulted in the creation of two separate docket numbers at the magisterial district court level.

On August 22, 2023, [Appellant] entered a guilty plea to one count of homicide by motor vehicle while DUI and one count of DUI. On November 14, 2023, [Appellant] was sentenced to 48 months to 96 months in a state correction institution. [Appellant] was awarded all credit for time served, including time spent in an inpatient treatment facility. However, this court denied his request for credit for time spent at Serenity Lodge.

Trial court opinion, 3/5/24 at 1-3 (citations and extraneous capitalization omitted).

On November 27, 2023, Appellant filed a timely post-sentence motion for reconsideration of sentence.[3] The trial court denied Appellant's post-sentence motion the following day. This timely appeal followed on December 27, 2023.[4]

---

[3] We note that the 10th day after Appellant's judgment of sentence was Friday, November 24, 2023. The Lackawanna County Court of Common Pleas was closed on Friday, November 24, 2023, as part of the Thanksgiving Holiday. As the next two days were Saturday and Sunday, Appellant's post-sentence motion, filed on Monday, November 27, 2023, is considered timely filed. *See* 1 Pa.C.S.A. § 1908 (for computations of time, if the last day of any such period shall fall on a weekend or any legal holiday, such days shall be omitted from the computation); *see also Commonwealth v. Fill*, 202 A.3d 133, 138 (Pa.Super. 2019) (applying 1 Pa.C.S.A. § 1908).

[4] Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

> I.    Did the trial court err in sentencing [Appellant] in the aggravated range of the Sentencing Guidelines without adequate reasoning?
>
> II.   Did the trial court err by failing to give [Appellant] credit for time served in a court ordered treatment facility?

Appellant's brief at 7 (extraneous capitalization omitted).

We begin by addressing Appellant's claim that the trial court abused its discretion in sentencing him in the aggravated range of the Sentencing Guidelines. *Id.* at 11.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015). Appellant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa.Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019). On the contrary, an appellant challenging

the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that Appellant filed a timely notice of appeal and preserved his sentencing claim in a post-sentence motion. Appellant, however, has failed to include a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f), and the Commonwealth has objected to this omission. **See** Commonwealth's brief at 4-6. Accordingly, we find that Appellant has waived his discretionary sentencing claim.

In any event, even if Appellant had not waived his discretionary sentencing claim, his argument is belied by the record. Specifically, the record reflects that following an extensive sentencing hearing, the Honorable Margaret Bisignani Moyle considered all the relevant factors in fashioning Appellant's sentence, including a pre-sentence investigation ("PSI") report and new arrest while out on bail, and placed adequate reasons on the record for imposing a sentence in the aggravated range. **See** notes of testimony, 11/14/23 at 60-80; **see also** trial court opinion, 3/5/24 at 4-5. When the

trial court has the benefit of a PSI report, "we shall … presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014). Based on the foregoing, we find that Appellant's discretionary sentencing claim would nonetheless fail.

Appellant next argues that the trial court erred in failing to give him credit for time-served at the Serenity Lodge, a "sober living" facility located in Susquehanna County, Pennsylvania, from February 16 to August 16, 2023. Appellant's brief at 15.

A claim based upon the failure to give credit for time served is a challenge implicating the legality of one's sentence. *Commonwealth v. Tobin*, 89 A.3d 663, 669 (Pa.Super. 2014). "A claim challenging the legality of sentence is appealable as of right." *Commonwealth v. Clark*, 885 A.2d 1030, 1032 (Pa.Super. 2005).

Our scope and standard of review for illegal sentence claims is as follows:

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is

limited to determining whether the trial court committed an error of law.

***Commonwealth v. Leverette***, 911 A.2d 998, 1001–1002 (Pa.Super. 2006) (internal citations omitted).

Section 9760 of the Sentencing Code governs credit for time-served and provides, in relevant part, as follows:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1). "The principle underlying this statute is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense." ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa.Super. 2007) (citation omitted), ***appeal denied***, 944 A.2d 756 (Pa. 2008).

> The easiest application of [Section 9760(1)] is when an individual is held in prison pending trial, or pending appeal, and faces a sentence of incarceration: in such a case, credit clearly would be awarded. However, the statute provides little explicit guidance in resolving the issue before us now, where [the defendant] spent time [somewhere other] than in prison. This difficulty results in part from the fact that neither Section 9760, nor any other provision of the Sentencing Code, defines the phrase "time spent in custody." The difficulty is also a function of the fact that there are many forms of sentence, and many forms of pre-sentencing release, which involve restrictions far short of incarceration in a prison.

*Id.* at 595–596 (citation omitted).

In *Toland*, *supra*, a panel of this Court noted that whether a defendant is entitled to credit for time-served for participation in an inpatient treatment program hinges on the question of voluntariness. *Toland*, 995 A.2d at 1250. The *Toland* Court stated:

> If a defendant is ordered into inpatient treatment by the court, *e.g.*, as an express condition of pre-trial bail, then he is entitled to credit for that time against his sentence. By contrast, if a defendant chooses to voluntarily commit himself to inpatient rehabilitation, then whether to approve credit for such commitment is a matter within the sound discretion of the court.

*Id.* at 1250-1251 (internal citations omitted); *see also Commonwealth v. Lee*, 182 A.3d 481, 485-486 (Pa.Super. 2018) (stating it is within the trial court's discretion whether to credit time voluntarily spent in a rehabilitation or treatment program) (citation and internal quotation marks omitted)).

Here, the trial court awarded Appellant credit for the time he spent in two inpatient treatment facilities, Turnbridge and High Watch, but determined that he was not entitled to receive credit for his 6-month stay at Serenity Lodge. In so ruling, the trial court noted the stark contrast between Serenity Lodge and the two inpatient treatment facilities that the court-ordered him to attend:

> [Dino] Campitelli[, the director of Serenity Lodge,] testified that as part of the program residents are transported from Serenity Lodge by staff to an area restaurant where they must work. He testified that

staff are also present while the residents' work. Campitelli further testified that as part of the program residents must attend Alcoholics Anonymous (AA) and Narcotics Anonymous (NA) meetings, which are staff supervised. Another aspect of the program is to reintegrate residents back into their families. Campitelli testified that when [Appellant] came to the facility, he was already ten (10) months sober and was allowed Saturday passes. On one of these Saturday home visits, [Appellant] committed the aforementioned traffic offenses. Campitelli stated that the facility does not have bars on the windows, residents may leave with staff approved family members who can transport them to and from the facility, and there are no restraints when they leave the property. Finally, Campitelli offered testimony that residents are only allowed to work at Bingham's Restaurant because it is monitored by Serenity Lodge staff during the morning and evening shift.

. . . .

During Mr. Campitelli's testimony, he was asked about comparisons between his facility and other facilities. He stated Turnbridge is more intensive than Serenity Lodge. He went on to say Serenity Lodge is not that level. We are after primary treatment.

As in *Lee*, [Appellant] in this case was free to leave for approved work. He was also given time to leave with family if approved by the facility for overnight and full weekend visits with no curfew. Additionally, on one of the approved weekends away [Appellant] picked up additional citations and was able to continue at Serenity Lodge … rather than being placed back in prison as a sanction. [Appellant] was able to go out for ice cream after attending AA or NA meetings. [Appellant] left to help his grandfather over a weekend period. This court also considered that [Appellant] was not monitored while away from Serenity Lodge with family.

Trial court opinion, 3/5/24 at 9-10, 12 (citations to notes of testimony omitted).

Contrary to Appellant's contention, our review of the record in this matter reveals that the trial court did not specifically order Appellant to undergo treatment at Serenity Lodge. Rather, the record demonstrates that Appellant voluntarily admitted himself into Serenity Lodge on February 16, 2023, immediately following the trial court's entry of an order that same day remanding him back to the Lackawanna County Prison "based upon consideration of [his] completion of inpatient rehabilitation, and **failure to attend sober living**." *See* trial court order, 2/16/23 (emphasis added).

Based on the foregoing, and in light of the caselaw cited above, we find that the trial court was fully within is discretion to decline to give Appellant credit for the time he voluntarily spent at Serenity Lodge.

Accordingly, we affirm Appellant's November 14, 2023 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/29/2024

- 10 -